### KARL v. JACKSON.

*Landlord and tenant — Construction of lease — Printed and type- written provisions — Certain business permitted — Delivery of premises in good condition — Damage by fire — Liability of lessee — Usual business methods and ordinary care.*

1. Where a lease is drawn upon a printed form and filled in by typewriting, its provisions should if possible be reconciled, but in case of conflict between printed and typewritten provisions precedence must be given to the typewritten portions.
2. Provisions in the lease authorizing the carrying on of a certain business in the leased premises constitute a license to carry on the stipulated business by the usual methods and with ordinary care.
3. Where the lease contains a typewritten provision permitting the carrying on of a certain business, and also contains a printed condition that the lessee shall "deliver up said premises in as good order and condition as they now are * * * reasonable use and ordinary wear and tear thereof, and damage by fire and other unavoidable casualty * * * excepted," the latter provision does not sustain a liability against the lessee for damages by fire resulting from the carrying on of the permitted business unless it appears that the lessee was negligent or employed unusual methods in carrying on said business.

(Decided January 8, 1920.)

ERROR:   Court of Appeals for Montgomery county.

*Mr. L. E. Speer,* for plaintiff in error.
*Messrs. Mattern & Brumbaugh,* for defendant in error.

ALLREAD, J.   J. P. Karl, the plaintiff, was the owner of a certain building which he leased to the defendant under a contract partly printed and partly typewritten.

The contract contained the following in typewriting:

"Lessee shall use said building for dry cleaning and dyeing, and such other use as may be incidental thereto, or that may not be objectionable to said lessor, other than as aforesaid."

The printed portion contained the following:

"And that at the end of said term he will deliver up said premises in as good order and condition as they now are, or may be put by said lessor, reasonable use and ordinary wear and tear thereof, and damage by fire and other unavoidable casualty * * * excepted."

The evidence shows that the building was of concrete block and had formerly been used as a stable. The ceiling was of wood and the upper floor was occupied by the plaintiff.

The defendant after the execution of the lease installed dry-cleaning machinery and was engaged in the operation of said plant. On or about the 15th of February, 1915, about the noon hour, while the plant was in charge of one Elmer McGee, an explosion occurred, resulting in a fire and the de-

struction of the building. The plaintiff brought suit to recover the value of the building, and relies chiefly upon the printed condition above quoted.

The question turns upon a construction of the clause, "fire and other unavoidable casualty * * * excepted." It is argued by counsel for plaintiff in error that the casualty should be unavoidable in a strict sense and that a fire should also be unavoidable in order to be within the exception.

The trial court put the burden of proof upon the defendant and also required the defendant to show by a preponderance of the evidence that the explosion and fire resulting in the destruction of the building were unavoidable. There is some comment in the charge upon the question of negligence as shown in the evidence, but we think the charge was clearly to the effect that unless the jury found the casualty was unavoidable the plaintiff would be entitled to recover.

The jury returned a verdict in favor of the defendant.

We are of opinion that there was no error prejudicial to the plaintiff in error in the charge of the court. In fact, the court adopted his theory of the law.

The contention of plaintiff rests ultimately upon the evidence. It is contended that the evidence most favorable to defendant would still hold him liable for the destruction of the building, as the accident was not in a strict sense unavoidable. In determining whether the evidence supports the verdict, we are inclined to give a more liberal interpretation to this lease than that adopted by the trial court, and to hold that the printed and typewritten

clauses above quoted should be construed together and harmonized. The typewritten clause gave express permission to the lessee to use the building for dry cleaning and dyeing. No unusual or extraordinary methods appear to have been employed, and no negligence in the operation of the plant is established by the evidence. Conceding, as we do, for the purposes of this case, that the printed clause standing alone might justify the construction put upon it by the trial court, yet taken in connection with the typewritten clause a fair construction of the whole lease would permit the lessee to install the usual equipment for a dry-cleaning establishment and to operate the same according to usual methods and with reasonable care under the circumstances. The lessee should not in our judgment be held liable for the results of a fire or explosion occurring in the ordinary operation of said plant without his fault or negligence. We think under this construction of the law and the weight of the evidence in the case the verdict and judgment should be sustained.

*Judgment affirmed.*

FERNEDING and KUNKLE, JJ., concur.