ZANDER ET, PLAINTIFFS-APPELLANTS, *v.* BLUMENTHAL, DEFENDANT-APPELLEE, BLUMENTHAL, DEFENDANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26830. Decided April 23, 1964.

156

Mr. *Donald K. Barclay*, for plaintiffs-appellants.
Mr. *Henry I. Katz*, for defendant-appellee.

SILBERT, J.  This appeal comes to this court on questions of law from a judgment entered in favor of defendant in the Municipal Court of Cleveland in an action for damages based on breach of contract.

Plaintiffs allege in their petition that they purchased real estate from defendants under terms of a written agreement entered into between the parties on February 11, 1957.  They

further allege that defendants falsely represented that the property was a three-family dwelling, that they relied on this representation and that this representation was false, and that defendants knew this representation was false, or in the exercise of reasonable diligence should have known said representation was false; that the property sold by defendants is a two-family dwelling house and at all times mentioned therein was zoned for two-family use, and defendants knew this fact or in the exercise of reasonable diligence should have known the fact, and that by such false representation plaintiffs suffered damages. Although the action was instituted against both husband and wife who were joint owners of the property in question, no service was made on the wife and the action against her was dismissed before trial.

The contract of sale, which was a printed form commonly used by realtors, was prepared by the real estate agent who had been hired by defendant and his wife to effectuate the sale and described the house as a "Three-Family Frame Dwelling." It should be noted that these words were typewritten. The same instrument provided in the printed portion that the seller would deliver a warranty deed conveying a good title free and clear of all liens "except restrictions and conditions of record, zoning ordinances, * * *."

In 1961 the plaintiffs were ordered by the City of Cleveland to reduce the house in question to a two-family occupancy with roomers. This area had been a two-family use zone from the time the house had been moved to this location by the defendant. Although defendant testified that when he bought the house in 1948 it contained three suites, an exhibit which was an application for a permit for alteration signed by the defendant's wife in 1949 referred to the house as a two-family dwelling.

The permit was granted to allow three sleeping rooms and one bath on the third floor and provided that no sink, cook stove or hot plate was to be installed above the second story and the bath room was to be used in connection with the second floor.

The trial court sitting as the trier of the facts rendered judgment for defendant and thereafter filed conclusions of fact and conclusions of law which plaintiffs allege to be erroneous in their first assignment of error in the following respects:

158

"(a) That the defendant did not contemplate to sell plaintiffs a three-family house.

"(b) That plaintiffs' 'Exhibit A,' the contract for sale of the premises in question, did not contain a representation by defendant that the property in question was a three-family house.

"(c) That plaintiffs did not establish or show damage to themselves as a result of the transaction.

"(d) That the Court found no breach of contract by defendant, Bernard Blumenthal."

The contract as prepared by defendant's agent provides that the property is "situated at 12608-10 Iowa Avenue in the City of Cleveland, County of Cuyahoga, and State of Ohio, and known as a Three-Family Frame Dwelling with Two-Car Garage." The words, "and known as" are printed and the words, "Three-Family Frame Dwelling * * *," are typewritten. The trial court said this is "merely a description like a three-story house with a green roof."

With this we cannot agree. It is abundantly clear to this court from the reading of the contract of sale that the sale of a three-family house was contemplated by the parties, and a representation to this effect is contained therein. No other interpretation is possible and no testimony can alter the unambiguous language set forth in the contract. In 54 Ohio Jurisprudence (2d), 564, Vendor and Purchaser, Section 23, it is stated:

"When a person claims the benefit of a contract to purchase realty into which he has induced another to enter by means of misrepresentations, however honestly made, it is then only necessary to prove that the representation was material and substantial, affecting the identity, value, or character of the subject matter of the contract, that it was false, that the other party had a right to rely upon it, and that he was induced by it to make the contract, in order to entitle him to relief either by rescission of the contract or by recoupment in a suit brought to enforce it. The rights of the purchaser do not rest upon the ground of fraud, actual or constructive, but upon the ground that, to the extent of the difference in value between the property as it was represented to be and the property con-

veyed, there is no consideration for his promise. He cannot, upon any principle of law or equity, be compelled to pay for what the vendor did not own, and could not convey. The maxim 'caveat emptor' does not apply to such representations, upon which the purchaser under the circumstances has a right to rely, and in reference to which he is guilty of no negligence. * * * ''

See *Gleason* v. *Bell*, 91 Ohio St., 268, 110 N. E., 513; *Mulvey* v. *King*, 39 Ohio St., 491; *Mohler* v. *Baker*, 88 Ohio App., 461, 97 N. E. (2d), 683; *Leppert* v. *Bosserman*, 21 Ohio App., 366, 153 N. E., 114.

From the evidence as embodied in the bill of exceptions, we determine and hold that as a matter of law the contract of the sale was breached. The trial court erred in not permitting the plaintiffs to testify as to the damages they incurred because of their obtaining a two-family house with roomers instead of a three-family house.

The trial court also erred in finding that no damages were shown. The real estate broker who acted as agent for defendant in the sale of the house testified that in 1957 the house was worth $19,800.00 as a three-family house and about $17,000.00 as a two-family house with roomers. This the trial court deemed speculative. The broker further testified that he had been a real estate broker for close to twenty years and had done business in the area contiguous to the property in question for about twelve years. It is our determination that the witness was sufficiently qualified to be deemed an expert and to give opinion testimony in this regard.

Our finding above is dispositive of assignments of error Nos. 2, 3, 6, and 7.

Assignment of error No. 4 states:

"The Court erroneously concluded as a matter of law that the real estate agent was the agent of both the seller-defendant and buyer-plaintiffs."

It is our determination upon a careful reading of the record that as a matter of law the real estate agent was the sole agent of the defendant. There is no evidence whatsoever that establishes an agency relationship between the plaintiffs and the real estate agent.

Assignment of error No. 5 reads as follows:

"The Court erroneously concluded that the printed matter in the contract as to zoning prevailed, and made meaningless the specific typewritten representation that the house in question was a three-family house."

The conflict between the written portion and the typewritten portion has been noted above. We determine and hold that the typewritten portion of the contract controls the conflicting portions. *Farmers National Bank* v. *Delaware Insurance Co.*, 83 Ohio St., 309, 94 N. E., 834, states:

"Where there is a conflict between any of the printed provisions of a contract and those inserted in writing at the time the contract is executed the latter will control."

See also, *Karl* v. *Jackson*, 12 Ohio App., 477, and 11 Ohio Jurisprudence (2d), 388, Contracts, Section 143.

We also determine that the doctrine of merger does not obtain in the instant case. Where the acceptance of a deed is induced by false representations, or by representations that in the exercise of reasonable diligence one should know to be false, the representations and the deed are distinct and the representations are not merged in the deed.

For the foregoing reasons, the judgment of the court below is reversed as contrary to law and the cause remanded for further proceedings according to law.

Exceptions. Order see journal.

SKEEL, C. J., and WASSERMAN, J., concur.