OPINION
{¶ 1} Defendants Eugene and Margaret Ann Ross appeal a judgment of the Court of Common Pleas of Muskingum County, Ohio, entered in favor of plaintiffs Robert C. and Wauneta L. Greathouse. Appellants assign three errors to the trial court:
 {¶ 2} "I. Under the doctrine of merger by deed the trial court erred in ordering the transfer of real estate to the appellees where the real estate was specifically excluded in the deed executed by appellants and accepted without qualification by appellees.
 {¶ 3} "II. The trial court erred in ordering the transfer of the property where no legal description was submitted at the time of trial and where the survey submitted by appellees after the case was remanded was accepted into evidence without testimony or further hearing.
 {¶ 4} "III. The trial court erred in ordering the transfer of the fee interest in the property upon which a water well was located where the court under the equitable remedy of specific performance could have ordered the transfer of an easement or a license for the use of the well."
 {¶ 5} The record indicates appellants contracted to sell to appellees certain real estate on June 4, 1997. The real estate was part of a tract of 30.95 acres in Harrison Township, Muskingum County, Ohio. Appellants purchased the acreage in 1993 to use as their summer residence. The appellants parceled out six lots for summer residences for their children and grandchildren.
 {¶ 6} In 1994, appellants decided to sell part of the property, including the original home they had used as their summer residence. They had a survey prepared for the 21. 22 acres. After subtracting the six lots for the children and grandchildren, and the 21.22 acres appellants intended to sell, there remained an L-shaped parcel of 2.2 acres. Appellants testified they intended to keep ownership of the six lots and the 2.2 acre parcel. This 2.2 acres included the road right-of-way and, unfortunately, the well which serviced the house on the 21.22 acres.
 {¶ 7} Both parties were represented by real estate agents during the negotiations for sale. Appellees' realtor prepared the purchase agreement. Appellants' realtor prepared the listing contract and disclosure. Appellants' realtor testified at trial she was under the impression the well was included in the sale. Appellants' realtor testified when she met with appellant to prepare the listing, appellant told her there was approximately 22 acres. The realtor had picked up the auditor's card on the way out to the property, and showed him it indicated 24.6 acres. Appellant again stated he believed it was around 22 acres, and he had had it surveyed. The realtor testified she told appellant she would put the 24 acres in the listing, and speak to the surveyor. The realtor indicated that if the surveyor gave her different information she would change it. When the realtor contacted the surveyor, she learned it was 21.22 acres, so she went back and changed the listing. Appellees' contract for sale did not specify the size of the property.
 {¶ 8} At the closing, appellees received several documents relating to the description of the property conveyed to them, including the mortgage location survey and the legal description drawn up by the surveyor. The survivorship deed accepted by appellees also contained the same legal description and a statement that the parcel contains 21.22 acres. Appellees executed a release of liability form which states they have examined the above-referenced property and find it to be in satisfactory and acceptable condition. The release provides appellees accepted the property "as is" and waived any right to object or make claims against the sellers or their agents.
 {¶ 9} Appellee testified he thought at the closing they had received 24.6 acres with a well on it, and had he known the well and surrounding property was not included in the sale he would not have made the purchase.
 {¶ 10} Appellant testified he intended that the right to use the well was to go with the property in a manner similar to the right to the roadway easement. He testified when he discovered the right to use the well was not in the deed, he offered to convey an easement to the appellees.
 {¶ 11} Appellees filed their complaint demanding specific performance with a conveyance of the 2.28 acres appellants failed to convey to them, along with monetary damages, punitive damages, and attorney fees. After a bench trial, the trial court found appellants should convey the 2.28 acres to the appellees, but did not order any monetary damages.
 {¶ 12} The matter came before this court, and in Greathousev. Ross (December 31, 2002), Muskingum Appellate No. 2002-0007, this court reversed and remanded, finding the judgment appealed from was not a final order because the trial court failed to include a legal description of the property to be conveyed. This court found the assigned errors, identical to the one before us in this case, were all moot.
 {¶ 13} On remand, the trial court entered judgment including a legal description of the property to be conveyed, which does not match the surveyor's report which was accepted by appellees and filed with the auditor for the transfer of the property.
 I. {¶ 14} In their first assignment of error, appellants argue the trial court erred in ordering the transfer of the real estate because the real estate was specifically described in the deed and other documents accepted by the appellees at the closing. Appellants cite us to Fuller v. Drenberg (1965),3 Ohio St. 2d 109, wherein the Supreme Court held when a deed is delivered and accepted without qualification pursuant to an agreement, no cause of action on the prior agreement thereafter exists, syllabus by the court. In Zander v. Bloomenthal (1964), 1 Ohio App. 2d 244,198 N.E. 2d 93, the 8th Dist. Court of Appeals found merger in the deed does not occur where the acceptance of the deed is induced by false representation, or by representations that in the exercise of reasonable diligence one should know to be false.
 {¶ 15} Although appellee testified he believed he was purchasing 24.6 acres, and would not have agreed to purchase 21.22, he nevertheless accepted several documents at closing which should have put him on notice he was purchasing a tract containing 21.22 acres.
 {¶ 16} We find appellees, with due diligence could have discovered the discrepancy, and we find accordingly the doctrine of merger by deed applies.
 {¶ 17} The first assignment of error is sustained.
 II. {¶ 18} In their second assignment of error, appellants argue at trial appellees never provided the trial court with a legal description of the property they maintained should have been transferred. The trial court allowed appellees to submit the legal description of the property after this court remanded the matter.
 {¶ 19} It is possible that had the trial court received the legal description of the property to be transferred earlier, the 2002 appeal might not have been necessary. Nevertheless, we find appellants have not been prejudiced by this alleged error.
 {¶ 20} The second assignment of error is overruled.
 III. {¶ 21} In their third assignment of error, appellants urge the trial court erred in ordering the transfer of the fee interest of the property on which the well was located when in equity the court could have ordered an easement or license for the use of the well.
 {¶ 22} Appellants concede the well serviced the property and the house before they transferred the property to appellees. Appellants also concede the use of the well was both apparent and necessary. Appellants did not interfere with appellees' use of the well after the conveyance of the property, and admit they have no right to refuse appellees the right to continue using the well.
 {¶ 23} An implied easement may be established over the lands of another through its use existing at the time of the severance of the ownership in the land. The use of the implied easement after severance must be continuous, apparent, permanent, and necessary, see, e.g., Trattlar v. Rausch (1950),51 Ohio St. 286.
 {¶ 24} We find equity does not require transfer of the fee interest in property, but rather, the trial court could have found appellees have license to use the water well; had an implied easement for the well; or could have ordered the transfer of a smaller piece of property to give appellees the well without curtailing appellants' use of the property.
 {¶ 25} The third assignment of error is sustained.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Cost to appellees.