HENRY J. STANFIELD, APPELLANT, v. HENRY BENCKE SCHNEIDEWIND ET UX., RESPONDENTS.

Submitted July 7, 1921—Decided November 1, 1921.

1. The right to the natural flow and fall of water on land is not an easement; it is a natural right inseparably connected with and inherent in the land, so, the flow of a natural stream over land will not sustain an action for the breach of the covenant against encumbrances.

2. The fact that the flow of the stream is covered over and concealed by an artificial brick structure does not change its legal aspect.

3. The natural flow and fall of water on land is not a breach of the covenant against encumbrances. Unless an exception is made in a conveyance, under the statute *Pamph. L.* 1899. *p.* 531; 2 *Comp. Stat.*, *p.* 1570. ¶ 101, "waters, water courses, rights," &c., are included.

On appeal.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *Frank E. Krasney, Charles E. S. Thorn* and *William V. Azzoli.*

For the respondents, *Edward C. Pettit* and *Henry P. Bedford.*

The opinion of the court was delivered by

BLACK, J. The suit in this case was brought to recover damages for the breach of a covenant in a deed against encumbrances. The complaint alleges that the premises conveyed were encumbered with a lawful right of way, use and easement of the public, in and to an artificially constructed and concealed culvert and water course. The culvert is a brick-walled passage, built entirely beneath the surface of the ground, and is seven or eight feet in diameter, and through which culvert or passage a natural stream of water flows, entirely across and through the southwesterly portion of the lands and premises conveyed. The case was tried by Judge Worrall F. Mountain and a jury in the Essex Circuit Court. At the close of the plaintiff's testimony the court granted a nonsuit. To this ruling an exception was noted as a ground of appeal. The facts, as gleaned from the record, on which the ruling of the trial court was based, show that a natural stream or brook flowed over its natural bed and across a portion of the property described in the deed. It was bricked over by an arch, which rests on stones. Some months after the conveyance a collapse of the land on a portion of the premises revealed the presence of this artificially constructed passage, of a tunnel-like formation. The structure is about ten feet wide at the bottom; and it is high enough so that a man can walk through. It runs a distance of sixty or seventy feet through the premises. The structure was concealed under some three feet of soil. It carries off the waters of a natural stream or

brook. The brick structure had been built about twenty-five years. That it is a natural stream and its presence was not discernible by an inspection of the premises are facts not controverted in the record. The precise legal question, therefore, for solution, is, whether this natural stream so covered over by such an artificial brick structure that it could not be seen by an inspection of the premises, is an encumbrance, within the meaning of the covenant in the deed. Counsel's research, supplemented by our own, reveals no case in our reports in point.

In *Brakely* v. *Sharp*, 10 *N. J. Eq.* 206; it is said, a water course doth not begin by prescription, nor yet by assent, but the same doth begin *ex jure naturæ*, having taken the course naturally, and cannot be averted.

It seems settled by an abundance of authority that the right of a proprietor to the flow and fall of the water of a natural stream on his own land is not an easement. *Cary* v. *Daniels*, 49 *Mass.* 466, 480; *Scriver* v. *Smith*, 100 *N. Y.* 471; 15 *Corp. Jur.* 1277, ¶ 124; but it is inseparably connected with and inherent in the land; it is parcel of the inheritance and passes with it. *Ibid.* The right to the natural flow of water is not an easement, but a natural right, it was said in *Stokoe* v. *Singers*, 8 *Ell. & Bl.* 31, 36. Nothing which constitutes a part of the estate, or which, as between the parties, is to be regarded as an incident to which the estate is subject, can be deemed an encumbrance (*Dunkles* v. *Wilton Railroad Co.*, 24 *N. H.* 489, 508), so, the flow of a natural stream over the land of a lower proprietor is not such an encumbrance upon the land below as will sustain an action for the breach of the covenant against encumbrances in a conveyance of such land. *Prescott* v. *Williams*, 46 *Mass.* 429; 15 *Corp. Jur.* 1277, ¶ 124. This subject is discussed in 2 *Washb. Real Prop.* (5th ed.) 366, 372; *Angel Water Cour.* 90. The act (*Pamph. L.* 1899, *p.* 531; 2 *Comp. Stat.*, *p.* 1570, ¶ 101) provides that a deed conveying lands, unless an exception shall be made therein, shall be construed to include all * * * "waters, water courses, rights," &c.

We therefore conclude that the flow of this natural stream or brook over the land conveyed is not an encumbrance within the meaning of that term in the deed of conveyance. The next question is, Does the artificial structure or brick work concealing the flow of the stream change its legal aspect? We fail to see on what legal principle the covering of a natural stream with brick can change its legal character. If it was not an encumbrance, as such, it could not be made so by covering it over with brick. This does not make it an easement nor an encumbrance. No one has any right in the covering except the owner of the land; it can be removed or replaced at will, leaving an open brook as it was before being covered.

So, we therefore conclude, on the entire case, that the ruling of the trial court in granting a nonsuit at the close of the plaintiff's case was not error.

The judgment of the Essex Circuit Court is therefore affirmed, with costs.