OPINION
Appellant, James Gallion, and appellee, Thelma Carte, began living together in 1976. During the period of their cohabitation, appellee purchased a garage for $40,000. In 1993, appellant filed suit against appellee for the purpose of establishing the ownership of the garage. The suit was resolved when the parties entered into a settlement agreement on November 1, 1993. This agreement was contingent on several transactions concluding, including the marriage of the parties. Pursuant to the agreement, appellee conveyed to appellant a one-half interest in the garage property by deed dated November 2, 1993. Also pursuant to the agreement, the parties jointly purchased a residential property located in Strasburg, Ohio. Said property was acquired by deed dated November 5, 1993. The parties never married.
On March 31, 1997, appellant filed a complaint seeking in pertinent part partition of the residence. Appellant made an oral motion to include partition of the garage. By judgment entry filed April 8, 1998, the trial court granted said motion. On September 22, 1998, the trial court issued a writ of partition for the residence. On January 24, 2000, the trial court, finding neither party wanted to purchase the garage property for the appraised value, ordered said property sold. The trial court found the November 1, 1993 agreement between the parties was void, and awarded to appellee the proceeds of the garage property sale.
Appellant filed an appeal. This court remanded the case for further findings regarding the void November 1, 1993 agreement. See, Gallion v.Carte (December 12, 2000), Tuscarawas App. No. 2000AP020022, unreported.
Upon remand, the parties filed proposed findings of fact. By judgment entry filed January 24, 2001, the trial court again awarded to appellee the proceeds of the garage property sale.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO MAKE A FINDINGS OF FACT SUFFICIENT TO SUPPORT THE CONCLUSIONS OF LAW.
 II THE AGREEMENT OF NOVEMBER 1, 1993, MERGED IN THE DEED WHEN THE APPELLEE CONVEYED THE HALF INTEREST TO THE APPELLANT NOVEMBER 2, 1993, AND DECLARING THE AGREEMENT VOID DOES NOT EFFECT THE DEED.
 III THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN CANCELING AND HOLDING VOID THE CONVEYANCE OF THE ONE-HALF INTEREST IN THE RESIDENCE PROPERTY AND THE GARAGE PROPERTY.
 IV THE TRIAL COURT IS AUTHORIZED TO MAKE AN ACCOUNTING IN A PARTITION ACTION BETWEEN THE PARTIES, DOES NOT HAVE JURISDICTION TO CANCEL THE REAL ESTATE DEED IN EFFECT FOR SIX (6) YEARS AFTER GRANTING WRIT OF PARTITION.
 V THE JUDGMENT OF THE TRIAL COURT UNJUSTLY ENRICHES THE APPELLEE BY AWARDING TO HER ALL OF THE PROCEEDS FROM THE SALE OF THE RESIDENCE AND THE GARAGE PROPERTY.
 I
Appellant claims the trial court's findings of fact are insufficient and do not support the conclusions of law. We disagree.
Pursuant to the remand from this court ordering the trial court to make findings of fact consistent with the conclusion of law that the November 1, 1993 agreement was void, the trial court made the following modifications to the findings of fact and added the following supplemental conclusions of law:
Findings of Fact:
 Carte did, in fact, on 11/2/93 convey a one-half interest in the `Garage Property' to Gallion in reliance upon the 11/1/93 Agreement between Carte and Gallion.
 Gallion and Carte were never married. Gallion refused to sign an agreement prepared by his attorney in July 1994 which would have negated the `marriage clause' contained in the 11/1/93 agreement between Gallion and Carte.
Conclusions of Law:
 • The 11/1/93 Agreement between Carte and Gallion is declared null and void because the parties did not become married which the Court concludes was a condition precedent to the enforceability of said agreement.
 • Carte, at all times, remained the equitable owner of the `Garage Property' because the enforceability of the 11/1/93 Agreement between the parties was rendered legally impossible because of the failure of the parties to enter into a legal marital relationship.
 • The `marriage clause' contained in the 11/1/93 Agreement between Gallion and Carte is not unconscionable and is not contrary to public policy.
 • The principle of `unjust enrichment' operates to defeat distribution to Gallion of any of the proceeds from the sale of the `Garage Property.' All proceeds of sale should be awarded to Carte.
 • The balance of the joint checking account at the Strasburg Savings and Loan in the amount of One Hundred Fifty-Nine Dollars and 62/100 Cents ($159.62) should become the exclusive property of Carte.
See, Judgment Entry filed January 24, 2001.
Appellant argues the findings of fact are insufficient to support the conclusions of law that the November 1, 1993 agreement is null and void. Appellant argues the garage property deed dated November 2, 1993 does not contain a condition subsequent to the transfer, that is, the marriage of the parties. Appellant argues the lack of any reference to the marriage agreement bars the admission of any further evidence to modify the deed. Upon review, we disagree that the findings of fact are inconsistent with the conclusions of law for the following reasons.
The parties entered into the November 1, 1993 agreement contingent upon its entire fulfillment:
 This agreement is contingent on the Harvey property transaction concluding, the garage property transaction concluding, and the marriage of Thelma and James; otherwise, this agreement is null and void.
 See, Agreement dated November 1, 1993, attached to Appellant's Brief as Appendix 9.
The execution of the garage property deed was part of the consideration for the entire agreement. It was conditioned upon completion of the entire agreement. The trial court merely carried into effect the bargained for provisions of the November 1, 1993 agreement.
Appellant also argues the April 8, 1998 partition order regarding the garage property binds the trial court to find that appellant has a one-half interest in said property.[1] The partition statute, R.C.5307.04, speaks only to a legal right to "any part of the estate" and a granting of a writ of partition does not make the parties vested in a one-half equitable interest. Therefore, we find this argument not to affect the sufficiency of the trial court's findings of fact and conclusions of law. Appellant's argument on the issue of res judicata
will be addressed in Assignment of Error IV.
Assignment of Error I is denied.
 II
Appellant claims the November 1, 1993 agreement merged into the deed conveying the garage property therefore, the failure to fulfill the marriage condition did not affect the conveyance. We disagree.
"The general rule is that the provisions of an agreement or contract to purchase real property merges with the deed upon delivery and acceptance of the deed unless the deed transferring [sic] title reserves the agreement." McAtee v. Ram Exterminators, Inc. (October 27, 1989), Lucas App. No. 87-3200, unreported, citing Fuller v. Drenberg (1965),3 Ohio St.2d 109. "However, provisions in the agreement which are collateral to and independent of the main purpose of the transaction are not merged in the deed." McAtee citing Medeiros v. Guardian Title Guaranty Agency, Inc. (1978), 57 Ohio App.2d 257.
The November 1, 1993 agreement is clearly a supplemental and independent contract between the parties and the execution and delivery of the deed did not render it unenforceable. We conclude the trial court did not err in enforcing said agreement apart from the deed.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in holding the November 1, 1993 agreement null and void thereby canceling the conveyance of the properties.[2] We disagree.
Appellant argues all of the conditions of the November 1, 1993 agreement have been fulfilled save the marriage of the parties. However, as cited supra, the agreement contained a provision which negated the agreement and therefore the conveyances if the marriage did not occur. Appellant now argues the agreement is divisible when in Assignment of Error II he argued it was not.
The trial court found the basis for the agreement was not only the settlement of the original lawsuit, but the marriage of the parties. Upon review, we conclude the parties freely entered into the agreement aware of the individual provisions and so must accept the folly of their own bargain.
Assignment of Error III is denied.
 IV
Appellant claims the doctrine of res judicata applies sub judice given the April 8, 1998 partition order. We disagree. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
As noted supra, R.C. 5307.04 does not imply that a partition is presumed to be a fifty-fifty split. Said statute states as follows:
 If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition. The court on its own motion may, and upon motion of a party or any other interested person shall, appoint one or two additional suitable persons to be commissioners. If the estate to be partitioned extends beyond the county in which the action is commenced, the court may appoint a separate commissioner or commissioners, not to exceed three, to make the partition of that portion of the estate located in the other county.
The partition order filed April 8, 1998 provided the following:
 ORDERED, ADJUDGED AND DECREED that once the Just Valuations/Appraisal of the real property in question, the so called `Garage Property', is returned to the undersigned by the Commissioners appointed above, the Court shall transmit the Appraisal/Just Valuation to the parties/legal counsel who shall have thirty (30) days thereafter to elect to take the real property at the appraised value. Should both or neither of the parties choose to elect to take the real property at the appraised value, the Court shall, by subsequent Order, direct a public auction of the real property in question by the Sheriff of Tuscarawas County, Ohio pursuant to Section 5307.11, Ohio Revised Code, and shall thereafter by subsequent Order, disburse the proceeds according to law.
This order was not appealed. The garage property was sold and the monies were escrowed. The order did not find that appellant was entitled to a one-half interest in the garage property. We agree with appellant in the regard that the partition action did give him some equitable interest in the properties.
Further, the evidence as well as the trial court's findings of fact establish appellee bore the entire responsibility for the mortgage payments on the garage property. In its judgment entry filed January 24, 2001, the trial court addressed appellant's "equitable interest" in finding "[t]he principle of `unjust enrichment' operates to defeat distribution to Gallion of any of the proceeds from the sale of the `Garage Property.' All proceeds of sale should be awarded to Carte."
We find the trial court did not violate the doctrine of res judicata
from the partition action and fully addressed appellant's "equitable interest" regarding his ownership of the garage property from 1993 to the sale. The trial court found that interest was not compensable under the doctrine of unjust enrichment.
Assignment of Error IV is denied.
 V
Appellant claims the trial court's decision unjustly enriches appellee. We disagree.
Appellee fulfilled her part of the November 1, 1993 agreement by transferring one-half interest of the garage property to appellant and appellant did not fulfill his part of the bargain. To give appellant a share of the property would in fact unjustly enrich appellant as the trial court noted supra.
Assignment of Error V is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. and Hon. John W. Wise, J. concur.
[1] Appellant's brief at 15 argues the "partition ordered by the Court 7/16/97." Said partition order pertains to the residential property and not the garage property which is the subject of the case subjudice.
[2] We note in his brief at 21, appellant argues the one-half interest in both the residential property and the garage property. Because the notice of appeal was filed on the January 24, 2001 judgment entry which pertains to the sale proceeds of the garage property only, any interest in the residential property is not under consideration sub judice.