**SUERMONDT, Appellant and Cross–Appellee,**

v.

**LOWE et al., Appellees and Cross–Appellants.**

[Cite as *Suermondt v. Lowe,* 165 Ohio App.3d 427, 2006-Ohio-224.]

Court of Appeals of Ohio,
Fifth District, Morgan County.

No. 05–11.

Decided Jan. 17, 2006.

Daniel G. Padden, for appellant and cross-appellee.

Lewis M. Tingle, for appellees and cross-appellants.

EDWARDS, Judge.

{¶ 1} Appellant and cross-appellee, Margaret Suermondt, appeals from the April 16, 2005 judgment entry of the Morgan County Court of Common Pleas, which rendered judgment in favor of appellees and cross-appellants, Duane M. Lowe and Carol Sue Lowe, and against appellant, thereby denying appellant her request to quiet title to certain real estate in her favor and her request for an order that appellees be evicted and required to vacate that land.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On July 9, 2002, appellant filed an action against appellees Duane M. Lowe and Carol Sue Lowe (husband and wife). In this action, appellant essentially asserted that she was entitled to recover certain real property, known as "the 18–acre tract," which was formerly a part of the "Gregg Farm." Appellant sought to quiet title to the 18–acre tract in herself and sought other relief, including an order requiring appellees to vacate the tract. Appellees filed a counterclaim. In the counterclaim, appellees claimed that if appellant should prevail, they would be entitled to a portion of the purchase price paid by

appellant, specifically $25,000. This money constituted what appellees alleged was reasonable compensation for their 18 acres.

{¶ 3} A one-day trial to the bench was held on October 21, 2004. The following evidence was adduced.

{¶ 4} Mildred Lowe, now deceased, was the grandmother of appellant and the mother of appellee Duane Lowe. Mildred Lowe was the owner of the "Gregg Farm" which consisted of approximately 204 acres. On or about October 1, 1991, Mildred Lowe gave a written option to purchase real estate to appellant. This option granted appellant the exclusive right to purchase the Gregg Farm for the price of $150,000. The Gregg Farm was described in the option to purchase, and by its express terms, the option could not be exercised prior to the expiration of six months following the death of Mildred Lowe. The option was filed for record with the Morgan County Recorder on May 8, 1997, at 10:05 A.M.

{¶ 5} On May 8 1997, the same day the option was filed for record, Mildred Lowe entered into a written contract for sale of real estate with her son, Duane M. Lowe, whereby Mildred Lowe agreed to sell a portion of the Gregg Farm to appellees, which was described by reference to landmarks and not by precise metes and bounds. This property was referred to as the "18–acre tract" throughout this action. This contract was filed for record with the Morgan County Recorder on May 8, 1997, at 1:57 P.M.

{¶ 6} On June 20, 1997, the sale between Mildred Lowe and appellees was closed in the offices of the attorney who represented Mildred Lowe. The attorney had knowledge of the existence of appellant's option and claimed that he had informed appellee Duane Lowe of that fact sometime prior to the actual closing.

{¶ 7} As part of the closing procedure, a written amendment to the contract for sale of the real estate, which the attorney had previously prepared, was signed by Mildred Lowe and Duane Lowe. The amendment, among other things, expressly recited the existence of the recorded option to appellant, which included the real estate being sold. The amendment also provided that Mildred Lowe would deliver only a quit-claim deed rather than a general warranty deed as was originally provided for in the original contract.

{¶ 8} The closing was completed on June 20, 1997, and two quit-claim deeds for the parcels comprising the 18–acre tract were executed, and appellees entered possession of the 18–acre tract. The deeds were subsequently filed for record with the Morgan County Recorder on June 25, 1997. Appellees used the land for their horses.

{¶ 9} According to appellant, at some time, she was requested to give consent to the sale of the 18–acre parcel to her uncle, appellee Duane Lowe. However,

appellant refused to do so. Appellant testified that at no time did she consent or agree to the proposed sale. In appellant's opinion, the 18–acre tract was part of the Gregg Farm and was included in the option given to her from her grandmother, Mildred Lowe. Appellant asserted that she did not wish to give up any of her rights under the option.

{¶ 10} On July 18, 1997, Mildred Lowe signed an affidavit of facts relating to title, pursuant to R.C. 5301.252. In that affidavit, Mildred reaffirmed that, by means of the option dated October 1, 1991, she granted to appellant the right to purchase the Gregg Farm in its entirety for the total purchase price of $150,000 exercisable following her death, but not sooner than six months after her death. The affidavit was filed for record on July 21, 1997, with the Morgan County Recorder. The affidavit makes no mention of the 18–acre tract to appellees as being excepted from the option or otherwise.

{¶ 11} According to appellant, subsequently, Mildred Lowe asked appellant if she would buy the Gregg Farm from her while she was still living rather than waiting until after her death, and appellant agreed to do so. On August 31, 2000, Mildred Lowe and appellant went to the office of Attorney Kevin Sykes, who was then representing Mildred Lowe with regard to the sale of the Gregg Farm to appellant. On that date, August 31, 2000, appellant signed an affidavit of facts relating to title, pursuant to R.C. 5301.252, which had been prepared by Sykes. In the affidavit, appellant stated that she was then exercising her option to purchase the Gregg Farm during the lifetime of Mildred Lowe with Mildred's consent. Appellant further stated in her affidavit that it was her specific intent that her acquisition of the remainder of the Gregg Farm from Mildred Lowe, exclusive of the 18–acre tract, would not result in any merger or estoppel to extinguish her rights under the 1991 option relating to the 18–acre tract and that her exercise of the option covered the entire Gregg Farm, including the 18–acre tract conveyed in 1997 to appellees. The affidavit was filed for record on September 1, 2000, with the Morgan County Recorder. According to appellant, Mildred Lowe was present when the affidavit of appellant was signed and she voiced no objection. Mildred Lowe returned the following day, September 1, 2000, to Sykes's office and signed the deed conveying the remaining 186 acres of the Gregg Farm to appellant.

{¶ 12} On September 1, 2000, Mildred Lowe executed and delivered to appellant a general-warranty deed. By its language, it conveyed the remaining acreage of the Gregg Farm, exclusive of the 18–acre tract and consisting of 186 acres more or less. The warranty deed recited that the property conveyed was subject to all easements, conditions, covenants, reservations, revertors, and other liens and/or encumbrances, if any, of record and the conveyance was made pursuant to the 1991 option.

{¶ 13} Following the closing on September 1, 2000, appellant resided with her husband and Mildred Lowe on the Gregg Farm. Mildred Lowe died on December 28, 2001.

{¶ 14} On April 6, 2005, the trial court filed its judgment entry rendering judgment in favor of appellees and against appellant. The trial court based its decision solely upon the doctrine of merger by deed.

{¶ 15} On May 4, 2005, appellant filed a timely notice of appeal from the aforesaid judgment entry. It is from the April 6, 2005 judgment entry that appellant appeals, raising the following assignment of error:

{¶ 16} "The trial court erred by holding, in its decision dated May 4, 2005,[1] [sic] that the doctrine of merger by deed applied to the conveyance from Mildred Lowe to plaintiff-appellant, dated September 1, 2000, which thereby extinguished all claims or rights of plaintiff-appellant arising out of prior option agreement dated October 10, 1991, and by entering judgment in favor of defendant-appellee [sic]."

{¶ 17} On May 12, 2005, defendants-appellees and cross appellants filed a notice of cross-appeal. Although cross-appellants failed to provide a statement of their assignment of error, in violation of App.R. 16(A)(3), cross-appellants argued that the cross-appeal was filed for the sole purpose of preserving their counter-claim if the trial court's ruling was not affirmed.

## APPEAL

{¶ 18} In addressing the parties' claims, the trial court held that it need only concern itself with the issue of merger. Thus, the only issue raised on appeal is whether the trial court erred when it found that the doctrine of merger by deed applied to the September 1, 2000 conveyance from Mildred Lowe to appellant, and the previously granted option merged into the deed. We agree with appellant that the doctrine is not applicable.

{¶ 19} The doctrine of "merger by deed" holds that whenever a deed is delivered and accepted without qualification pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants only. *37 Robinwood Assoc. v. Health Industries, Inc.* (1988), 47 Ohio App.3d 156, 157–158, 547 N.E.2d 1019. A deed is not unqualifiedly accepted if it is accepted under protest and with a reservation of rights. *Fuller v. Drenberg* (1965), 3 Ohio St.2d 109, 32 O.O.2d 91, 209 N.E.2d 417, paragraph one of the syllabus; *Brumbaugh v. Chapman* (1887), 45 Ohio St. 368, 13 N.E. 584; *37 Robinwood*, supra, at

---

1. The decision was filed April 6, 2005.

157–158, 547 N.E.2d 1019; *Zander v. Blumenthal* (1964), 1 Ohio App.2d 244, 249, 30 O.O.2d 266, 198 N.E.2d 93.

{¶ 20} In explaining the underpinnings of the doctrine of merger by deed, a recent case quoted the author of a prominent treatise who noted the following: " 'In reality, this doctrine is merely an application of the contract doctrine of integration. Under this doctrine, all prior documents are considered to be integrated into the final contract, and only the provisions contained in the final contract are part of the agreement. This doctrine is the combined result of the parol evidence rule and the rule of interpretation which seeks to determine the intentions of the parties. Thus, if it can be shown that the parties actually intended that the provisions of a prior agreement continue in force, then the provisions do so continue. Similarly, the merger doctrine should only be applied as a canon of construction that attempts to arrive at the true intention of the parties to a deed.' " *Newman v. Group One*, Highland App. No. 04CA18, 2005-Ohio-1582, 2005 WL 737579 (quoting 14 Powell on Real Property (1995) 81A–136, Section 81A.07(1)(d)).

{¶ 21} On August 31, 2000, the day prior to the conveyance of land by Mildred Lowe to appellant, appellant executed an affidavit of facts relating to title, pursuant to R.C. 5301.252.[2] In that affidavit, appellant stated that she continued

---

2. {¶ a} R.C. 5301.252 states as follows:

{¶ b} "(A) An affidavit stating facts relating to the matters set forth under division (B) of this section that may affect the title to real estate in this state, made by any person having knowledge of the facts or competent to testify concerning them in open court, may be recorded in the office of the county recorder in the county in which the real estate is situated. When so recorded, such affidavit, or a certified copy, shall be evidence of the facts stated, insofar as such facts affect title to real estate.

{¶ c} "(B) The affidavits provided for under this section may relate to the following matters:

{¶ d} "(1) Age, sex, birth, death, capacity, relationship, family history, heirship, names, identity of parties, marriage, residence, or service in the armed forces;

{¶ e} "(2) Possession;

{¶ f} "(3) The happening of any condition or event that may create or terminate an estate or interest;

{¶ g} "(4) The existence and location of monuments and physical boundaries, such as fences, streams, roads, and rights of way;

{¶ h} "(5) In an affidavit of a registered surveyor, facts reconciling conflicts and ambiguities in descriptions of land in recorded instruments.

{¶ i} "(C) The county recorder for the county where such affidavit is offered for record shall receive and cause the affidavit to be recorded as deeds are recorded, and collect the same fees for recording such affidavit as for recording deeds.

{¶ j} "(D) Every affidavit provided for under this section shall include a description of the land, title to which may be affected by facts stated in such affidavit, and a reference to an instrument of record containing such description, and shall state the name of the person appearing by the record to be the owner of such land at the time of the recording of the affidavit. The recorder shall index the affidavit in the name of such record owner.

to claim the right to purchase the entire Gregg Farm notwithstanding the conveyance of the 18–acre tract to appellees. Appellant further stated that it was her specific intent that the acquisition by her of the remaining portion of the Gregg Farm would not result in any merger or estoppel that would extinguish her rights under the option to purchase the entire property as described in the option, including the acreage conveyed to appellees in 1997.[3] Accordingly, we find that the deed was not unqualifiedly delivered and accepted by appellant. Appellant made her intent clear to have the option survive the September 1, 2000 deed. The affidavit of facts relating to title signed by appellant expressed her objection and reserved her rights under the option.

{¶ 22} For the foregoing reasons, we find that the doctrine of merger by deed does not apply in this case. Accordingly, appellant's sole assignment of error is sustained.

## CROSS–APPEAL

{¶ 23} In the cross-appeal, cross-appellants sought to preserve their counter-claim if this court did not affirm the trial court's decision. In that this court has not affirmed the trial court's decision, cross-appellants' counterclaim is preserved. Cross-appellants' sole assignment of error raised on cross-appeal is sustained.

{¶ 24} The judgment of the Morgan County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BOGGINS, P.J., and WISE, J., concur.

---

{¶ k} "(E) Any person who knowingly makes any false statement in any affidavit provided for in this section is guilty of falsification under division (A)(6) of section 2921.13 of the *Revised Code.*"

3. "It is my specific intention that my acquisition of the Remaining Property from Mildred M. Lowe not result in any merger or estoppel that would extinguish my rights, as created by the Option, insofar as they relate to the First Out Conveyance and the Second Out Conveyance, both of which were conveyed to and acquired by Duane M. Lowe and Carol Sue Lowe subject to all restrictions of record, including the Option. My exercise of the Option is intended to cover and relate to the entire Option Property, including the First Out Conveyance and the Second Out conveyance." Affidavit, Plaintiff's Exhibit E.