OPINION
{¶ 1} Defendants-appellants, Dan E. and Marjorie A. Moreland ("sellers"), appeal the decision of the Warren County Court of Common Pleas to grant a declaratory judgment in favor of plaintiffs-appellees, Rick and Maribeth Richter ("buyers"), regarding the purchase of a certain parcel of real estate. Judgment is reversed and remanded.
 {¶ 2} The buyers entered into a contract for sale in 1999 to purchase a parcel of land in Warren County from the sellers for business purposes. The contract called for the balance of the purchase price of $400,000 to be carried by the sellers as a first mortgage for 20 years at 8.75 percent interest per annum. Buyers signed a mortgage and promissory note. The note, which is the focus of the dispute in this case, contains the same 20-year installment payment terms, and also carries a clause that permits the buyers to prepay the balance due at any time.
 {¶ 3} On or about 2002, the buyers approached the sellers about reducing the interest rate on the installment payments. The parties differ over whether paying off the note and the payoff amount were also discussed at that time. The sellers indicated that they were not interested in the buyers' request. The buyers subsequently presented to the sellers a cashier's check for the amount that they had calculated as the payoff figure for the note and mortgage.[1]
 {¶ 4} The sellers apparently still possesses the cashier's check, but have not cashed it. No action was taken to release the mortgage. The buyers filed a declaratory judgment action in 2002, and this matter proceeded to a trial before a magistrate. The magistrate found that the buyers were entitled to prepay the promissory note and to quiet title for the satisfied mortgage. The sellers filed an objection to the magistrate's decision. The trial court overruled the objection and adopted the decision of the magistrate, with the exception of the award of attorney's fees. The sellers instituted the instant appeal, setting forth one assignment of error.
 {¶ 5} Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING APPELLEES JUDGMENT AGAINST APPELLANTS[.]"
 {¶ 7} First, we note that the magistrate issued a decision in writing and the trial court overruled the sellers' objection with a written decision. However, the trial court's decision appears to be missing multiple paragraphs of text. The trial court concluded its written decision by indicating that it was adopting the magistrate's decision and therefore, we will rely on the magistrate's decision, where pertinent, as the trial court's opinion for purposes of this appeal.
 {¶ 8} The sellers set forth a number of issues under this assignment of error. All of the sellers' arguments center on the assertion that the contract for sale signed by the sellers and buyers did not include provision for prepayment, that a prepayment clause was unilaterally added by the buyers in the promissory note, and, therefore, prepayment should not be enforced. The sellers repeatedly stress in their arguments that they agreed to sell the parcel under the installment terms to avoid adverse tax consequences and to have a source of monthly income, and one of the buyers acknowledged that he knew the sellers' motivation.
 {¶ 9} Among the issues raised by the sellers are those pertaining to merger by deed, parol evidence, and the manifest weight of the evidence. We will condense and address the issues raised by the sellers pertinent to this appeal.
 {¶ 10} It is well-established that the fundamental purpose of a judicial examination of any written instrument is to ascertain and give effect to the intent of the parties to the instrument.Foster Wheeler Enviresponse, Inc. v. Franklin Cty. ConventionFacilities Auth., 78 Ohio St.3d 353, 361, 1997-Ohio-202. Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, paragraph one of the syllabus.
 {¶ 11} Interpretation of a contract is a matter of law. Appellate courts will review de novo the trial court's interpretation of a contract. Hartley v. Brown Publishing Co.,
Madison App. No. CA2005-03-009, 2006-Ohio-999, ¶ 16; In reEstate of Poling, Hocking App. No. 04CA18, 2005-Ohio-5147, ¶ 33.
 {¶ 12} Under the doctrine of merger, when a deed is delivered and accepted without qualification, the general rule is that the contract is merged in the deed; and no cause of action upon the prior agreement then exists. Fuller v. Drenberg (1965),3 Ohio St.2d 109, 111, paragraph one of the syllabus.
 {¶ 13} The merger doctrine does not apply, however, if: (1) one of the parties engaged in fraudulent conduct; (2) a mistake resulted; or (3) the prior agreement was collateral to the conveyance. Village of Seaman v. Altus Metals, Inc. (Mar. 24, 2000), Adams App. No. 99CA683; Brumbaugh v. Chapman (1887),45 Ohio St. 368, 375.
 {¶ 14} A provision is collateral to and independent of the agreement if it does not concern the title, occupancy, size, enjoyment, possession or quantity of a parcel. Medeiros v.Guardian Title Guaranty Agency, Inc. (1978),57 Ohio App.2d 257, 259; Mayer v. Sumergrade (1960), 111 Ohio App. 237,239-240.
 {¶ 15} A written agreement between the vendor and vendee for the sale, purchase, and conveyance of land is not executed by and merged in the deed, as to the stipulations of the vendee therein concerning the consideration to be paid for the property; and such written agreement is competent evidence to show the actual consideration. Conklin v. Hancock (1903), 67 Ohio St. 455, paragraph three of the syllabus.
 {¶ 16} Writings executed together as part of the same transaction should be read together, and the intent of each part will be gathered from a consideration of the whole. FosterWheeler Enviresponse, Inc. v. Franklin Cty. Convention FacilitiesAuth., 78 Ohio St.3d at 361; Edward A. Kemmler MemorialFoundation v. 691/733 East Dublin-Granville Road Co. (1992),62 Ohio St.3d 494, 499; Trowbridge v. Holcomb (1854),4 Ohio St. 38, 43 (a note and mortgage must be construed together; they refer to each other, and are but parts of one contract).
 {¶ 17} The trial court reviewed the evidence in this case and stated that the payment provisions in this contract for sale were not merged into the deed. We agree. Therefore, the doctrine of merger does not extinguish the payment provisions outlined in the contract for sale.
 {¶ 18} We interpret the sellers' remaining arguments to focus on the manifest weight of the evidence regarding the trial court's decision to incorporate the prepayment clause of the promissory note into the parties' real estate transaction.[2]
 {¶ 19} The sellers repeatedly refer to a particular case throughout their appeal to support the argument that silence in regard to prepayment prohibits the allowance of prepayment. SeeDiMarco v. Shay, Franklin App. No. 01AP-1317, 2003-Ohio-4685.
 {¶ 20} In DiMarco, the Tenth District discussed the majority and minority rules set forth by courts around the nation regarding transactions in which the instrument is silent as to the ability to prepay the amount due. The DiMarco court chose the majority rule, and, citing an out-of-state case, described the majority rule as follows: "absent special agreement, the mortgagor in an unregulated transaction who promises to repay the loan, in installments at specified times or at a specified date, does not have the right to compel the creditor to accept prepayment." Id. at ¶ 13. (Citations omitted.)
 {¶ 21} The DiMarco court found that the contract detailing with 180 payments of a specific amount with an attached amortization schedule, indicated "unambiguously the intent of the parties to not allow prepayment of the outstanding principal and accrued interest." The DiMarco case involved a land contract, and the DiMarco court stated that the majority-minority split of authority was in reference to land installment contracts. The case at bar does not involve a land installment contract. Therefore, while DiMarco can be distinguished on itsacts, it provides a helpful analysis of issues regarding intent and silent terms.[3]
 {¶ 22} The sellers stress that the buyers' attorney drafted all of the documents in this transaction from the contract of sale to the mortgage and promissory note. The legal assistant who works for the buyers' attorney testified at trial that the prepayment clause is a clause she automatically places in promissory notes, unless the contract specifically prohibits it.
 {¶ 23} When determining whether a trial court's judgment is against the manifest weight of the evidence, an appellate court should not substitute its judgment for that of the trial court when competent, credible evidence going to all of the essential elements of the case exists. Altus Metals, Inc., Adams App. No. 99CA683, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80.
 {¶ 24} We are careful to note that the trial court ruled that the introduction of parol evidence would not be permitted because there was no ambiguity between the contract and the promissory note. See Kelly v. Med. Life Ins. Co., 31 Ohio St.3d at 132
(only when language of contract is unclear or ambiguous, or when the circumstances of the agreement invest the language with a special meaning, will extrinsic evidence be considered in effort to give effect to parties' intentions).
 {¶ 25} After reviewing the contract's payment terms, we need not rely on parol evidence to determine the parties' intent. The payment language of the contract is clear that the parties entered into this real estate transaction for the long-term, upon a meeting of the minds that buyers were to receive a parcel of land, with the balance of the purchase price financed by the sellers over a 20-year term. Those payment terms, which involved monthly payments and no prepayment or acceleration clauses, survived the merger by deed.
 {¶ 26} Competent credible evidence does not support the finding that a unilateral insertion of a prepayment clause in the promissory note drafted and signed by the buyers evidences the intent of the parties to permit a prepayment of the loan at the buyers' discretion. C.f. Bhavnani v. Voldness (Sept. 28, 1995), Franklin App. No. 95APE03-284 (it is fundamental that mutual consent is essential to every agreement, and that as a rule there can be no binding contract where there is no real consent). The buyers certainly could have drafted the contract for sale, which was the document signed by all parties, to include the right to prepayment, but did not do so.
 {¶ 27} Accordingly, the trial court erred in finding for the buyers and we sustain the sellers' assignment of error to that extent. This cause is reversed and remanded to the trial court with instructions to issue a declaration that the sellers are not required to accept prepayment, nor can they accelerate the loan under the terms of the promissory note, and further, to vacate any orders inconsistent with this opinion.
 {¶ 28} Judgment reversed and remanded.
Bressler and Hendrickson, JJ., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.
[1] The buyers, through their attorney, wrote the sellers a letter requesting release of the mortgage.
[2] The sellers asserted at trial that they did not see nor did they receive the promissory note at closing, but the trial court found "untenable" the claim that sellers did not receive the note at closing. We accept the trial court's factual finding.
[3] The sellers also cite DiMarco for the proposition that a mortgagor should not have the right to prepay when the creditor did not have a reciprocal right to accelerate or call the loan. Sellers' argument is curious, when a review of the promissory note in question reveals that both acceleration and prepayment clauses are included therein.