OPINION
{¶ 1} Plaintiff-appellant, Rockford Homes, Inc., appeals the judgment of the Licking County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Arthur and Judith Handel, denying appellant's motion for summary judgment, and denying appellant's motion for leave to amend its complaint.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 22, 2003, the parties entered into a Purchase Agreement wherein appellant, a residential home builder, agreed to purchase from appellees 76.163 acres of unimproved land located in Licking County ("Purchase Agreement"). Some of the acreage was wooded. Appellant intended to subdivide the land into lots for residential homes and considered a wooded lot to be a premium-priced lot. There is no specific mention of trees in the Purchase Agreement.
 {¶ 3} The completion of the sale between appellant and appellees was contingent upon the appellees resolving any title defects. Section 7 of the Purchase Agreement delineates the requirements and time-frame for resolving the title issues. Section 7 states in pertinent part:
 {¶ 4} "Buyer shall have forty (40) days after the Effective Date hereof to determine whether all or any portion of the Property is unmarketable or is subject to liens, encumbrances, easements, conditions, restrictions or encroachments other than the Permitted Exceptions [SIC] If the commitment discloses matters other than the Permitted Exceptions and Buyer objects to the same within 40 [SIC] after the Effective Date hereof, Seller shall exercise best efforts in good faith to remedy, remove or secure the commitment of the Title Agency to insure over any and all such defects within thirty (30) days (or such additional time as Buyer and Seller may agree). If' [SIC] Seller is *Page 3 
unable to remove or secure insurance over such defect(s), Buyer shall have the right in its sole discretion to either (i) terminate this Agreement; or (ii) proceed to closing in spite of the existence of the defect(s). If the Agreement is so terminated, then the Deposit shall be refunded to Buyer [SIC]"
 {¶ 5} Appellees were unable to cure the title-defects in the time-frame intended by Section 7 of the Purchase Agreement. On February 16, 2004, the parties entered into a thirty-day extension of the Purchase Agreement. The extension expired on March 16, 2004. Appellant sent a letter to appellees on March 16, 2004 requesting another extension of the Purchase Agreement for sixty days. Appellee signed the extension on April 5, 2004. The second extension expired on June 1, 2004. The parties did not enter into a third extension until September 16, 2004. The third extension expired on October 16, 2004.
 {¶ 6} In mid-October 2004, appellee entered into an oral contract with McDonald Logging to sell some of the timber on the property. There is no evidence as to exactly when the timber was cut, but appellees testified that they believe the timber was cut prior to the execution of the fourth extension agreement discussed below. McDonald Logging brought appellee a check for the sale of the timber dated November 29, 2004.
 {¶ 7} On November 19, 2004, appellees contacted appellant to inquire whether appellant wished to proceed with the purchase of the property. If appellant agreed to extend the Purchase Agreement further, appellees requested appellant deposit an additional $15,000 that would be credited to the purchase price at closing. Appellees also requested that the parties agree to a closing date on or before December 10, 2004. *Page 4 
Appellant signed the fourth Purchase Agreement extension on November 22, 2004, and appellees signed it on November 26, 2004. However, appellees did not receive appellant's earnest money deposit until December 8, 2004.
 {¶ 8} The parties closed on the property on December 10, 2004. While the Purchase Agreement gave the appellant the authority to enter the property, appellant did not inspect the property before the closing. The last time a representative was on the property was approximately two months before the closing.
 {¶ 9} In late December or early January, appellant became aware that trees had been cut on the property. When the father-in-law of appellant's president drove by the property, he could see from the road that trees had been removed from the property. He then informed his son-in-law of the status of the property. A representative was sent to the property and determined a significant number of trees had been removed from the property.
 {¶ 10} Appellant filed its original complaint in the Licking County Court of Common Pleas against appellees, claiming breach of contract, conversion and a violation of R.C. 901.51. Appellees answered and filed a counterclaim asserting breach of contract. Appellant filed an amended complaint, adding the claims of fraud and negligent misrepresentation.
 {¶ 11} Appellant and appellees filed cross motions for summary judgment on February 6, 2006.
 {¶ 12} On February 27, 2006, appellant filed a second amended complaint, adding the claim of waste. On March 27, 2006, the trial court denied appellant's motion for summary judgment and granted appellees' motion for summary judgment. *Page 5 
 {¶ 13} Appellees filed a combined motion to dismiss appellant's claim of waste and supplemental motion for summary judgment on April 11, 2006. Appellant filed a motion to amend the second amended complaint to conform to the evidence. The trial court denied appellant's motion to amend the second amended complaint on August 3, 2006. The trial court granted appellees' supplemental motion for summary judgment as to appellant's claim of waste on December 19, 2006.
 {¶ 14} It is from these judgment entries the appellant now appeals. Appellant raises five Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 15} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S CLAIM FOR FRAUD.
 {¶ 16} "II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT.
 {¶ 17} "III. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S CLAIM FOR WASTE, NEGLIGENT MISREPRESENTATION, CONVERSION AND FOR VIOLATION OF OHIO REVISED CODE § 901.51.
 {¶ 18} "IV. THE TRIAL COURT ERRED BY FAILING TO GRANT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.
 {¶ 19} "V. THE TRIAL COURT ERRED BY FAILING TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT TO CONFORM TO THE EVIDENCE." *Page 6 
 {¶ 20} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 21} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 22} This appeal shall be considered in accordance with the aforementioned rule.
 STANDARD OF REVIEW {¶ 23} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 24} Civ. R. 56(C) states, in pertinent part:
 {¶ 25} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party *Page 7 
against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 26} Pursuant to the above-stated rule, a trial court may not grant summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claim. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Vahila v.Hall (1997), 77 Ohio St.3d 421, 429 citing Dresher v. Burt (1966),75 Ohio St.3d 280.
 {¶ 27} It is based upon this standard we review appellant's first four Assignments of Error.
 I., II. *Page 8 {¶ 28} We will address appellant's First and Second Assignments of Error together. Appellant first maintains the trial court erred by dismissing appellant's claim for fraud by finding there was no misrepresentation in the nature of the property to be conveyed to appellant. Appellant next argues the trial court erred in finding the purchase agreement was not in effect at the time the appellees removed the trees from the property, therefore finding no breach of contract. We find the trial court did not err in granting appellees' motion for summary judgment, albeit for different reasons as stated below.
 {¶ 29} Appellant bases its claim for breach of contract upon the allegation that appellees breached the terms of the Purchase Agreement by cutting the trees. On December 10, 2004, the parties closed on the property. Appellant took title to the property by two warranty deeds filed with the Licking County Recorder's office on December 14, 2004.
 {¶ 30} We find the doctrine of `merger by deed' to be applicable to appellant's claim of breach of contract under the Purchase Agreement. "The doctrine of `merger by deed' holds that whenever a deed is delivered and accepted without qualification pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants only." Suermondt v. Lowe,165 Ohio App.3d 427, 2006-Ohio-224, 846 N.E.2d 910, at ¶ 19. When appellant accepted the two deeds from appellees, the Purchase Agreement merged with the deed. Appellant cannot now pursue a claim for breach of contract upon the Purchase Agreement. *Page 9 
 {¶ 31} There are exceptions to the doctrine of "merger by deed." Appellant is limited to asserting its rights under the deed unless (1) the elements of fraud or mistake are involved, (2) the deed was accepted under protest and with a reservation of rights, or (3) the purchase contract creates rights collateral to or independent of the conveyance.Lamberjack v. Priesman (Feb. 5, 1993), 6th Dist. No. 92-OT-006; Schlegel v. De Camp (June 6, 2000), 3rd Dist. No. 15-99-20; Mayer v. Summergrade (1960), 111 Ohio App.237; Zander v.Blumenthal (1964), 1 Ohio App.2d 244.
 {¶ 32} Appellant claims in its first assignment of error the trial court erred in finding the appellees did not engage in fraud. Appellant argues that appellees fraudulently concealed the cutting of the trees and fraudulently misrepresented the terms of the extensions of the Purchase Agreement that "all terms and conditions of the Purchase Contract shall remain the same." The elements of fraud are, "(a) a representation, or where there is a duty to disclose, concealment of fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment and (f) a resulting injury proximately caused by the reliance." Burr v. Bd. ofCnty. Com'rs of Stark Cnty. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus, 491 N.E.2d 1101.
 {¶ 33} Appellant states appellees had a duty to disclose where there is a latent defect or the defect is not open to observation or discoverable from a reasonable inspection. Appellees argue appellant's claim of fraud is barred by the doctrine of *Page 10 
caveat emptor. In Layman v. Binns (1998), 35 Ohio St.3d 176, syllabus,519 N.E.2d 642, the Ohio Supreme Court held:
 {¶ 34} "[t]he doctrine of caveat emptor precludes recovery in an action by the purchaser * * * where (1) the condition complained of is open to observation or discernable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."
 {¶ 35} There is no dispute of fact that the condition complained of, the cutting and removing of the trees, was open to observation and discernable upon reasonable inspection by appellant. We also find appellant had unimpeded opportunity to examine the premises pursuant to the terms of the Purchase Agreement.
 {¶ 36} The issue that remains is whether appellees engaged in fraud.
 {¶ 37} As stated above, we found appellant's breach of contract argument must fail due to the doctrine of "merger by deed." One exception to the doctrine of "merger by deed" is fraud. There is no evidence in the record demonstrating that appellees concealed or falsely misrepresented that the timber had not been cut from the property. Both sides concede that appellant could have entered and inspected the property prior to closing, but failed to do so.
 {¶ 38} We find there is no genuine issue of material fact that appellees committed fraud. Accordingly, we find appellant cannot maintain a cause of action for breach of contract or fraud, as a matter of law, against appellees.
 {¶ 39} Appellant's First and Second Assignments of Error are overruled. *Page 11 
 III. {¶ 40} In its Third Assignment of Error, appellant maintains the trial court erred by granting summary judgment in favor of appellees and dismissing appellant's claims for waste, negligent misrepresentation, conversion and violation of R.C. 901.51.
 {¶ 41} We first find appellant's claim for waste to be not well taken as the common-law doctrine of waste has never been recognized in Ohio.Underwood v. Lowe (June 7, 1985), 6th Dist. No. S-84-30;Crockett v. Crockett (1853), 2 Ohio St. 180, 185. While one appellate court in Ohio has recently recognized a common law claim of waste, its rationale is based upon a North Carolina Supreme Court case. SeeMalone v. Malone (May 5, 1999), 7th Dist. No. 98 CO 47 citing Crawley v. Timberlake (1843), 2 Ired.Eq. 460, 37 N.C. 460.
 {¶ 42} Appellant also claims the trial court erred in granting summary judgment on its claim for negligent misrepresentation. A claim for negligent misrepresentation must show that the defendant:
 {¶ 43} "[i]n the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Delman v. Cleveland Heights (1989), 41 Ohio St.3d 1, 4,534 N.E.2d 835.
 {¶ 44} Further, negligent misrepresentation can only be found where an affirmative false statement is made, not merely where the statements are omitted. *Page 12 Textron Fin. Corp. v. Nationwide Mut. Ins. Co. (1996),115 Ohio App.3d 137, 149, 684 N.E.2d 1261.
 {¶ 45} Appellant argues that when the appellees signed the Purchase Agreement extensions, they agreed "[a]ll other terms and conditions of the Purchase Agreement shall remain the same." A review of the Purchase Agreement demonstrates the terms and conditions are silent as to the trees on the property. Appellant's president testified in deposition that he did not discuss the trees or appellant's desire for wooded lots with the appellees. (Tr. p. 55). We find no evidence in the record to demonstrate that appellees supplied appellant with false information regarding the status of the trees on the property.
 {¶ 46} Appellant next argues it has a claim for conversion. Conversion is defined as "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. GeneralMotors Corp. (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172. The elements for conversion are; (1) a defendant's exercise of dominion or control; (2) over a plaintiff's property; and (3) in a manner inconsistent with the plaintiff's right of ownership. Heflin v. Ossman, 5th
Dist. No. 05CA17, 2005-Ohio-6876, at ¶ 20 citing Cozmyk Ent., Inc. v.Hoy (June 30, 1997), Franklin App. No. 96APE10-1380.
 {¶ 47} We find that appellant's argument fails pursuant to the second element. At the time the logging company cut down the trees, appellees were still the titled owners of the property.
 {¶ 48} This reasoning further applies to appellant's claim under R.C.901.51, which states, "[n]o person, without privilege to do so, shall recklessly cut down, destroy, *Page 13 
girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land." (Emphasis added). There can be no claim under this statutory provision as appellant did not own the land at issue until after the trees were removed.
 {¶ 49} Accordingly, appellant's Third Assignment of Error is overruled.
 IV. {¶ 50} Appellant maintains in its Fourth Assignment of Error that the trial court erred in denying its motion for partial summary judgment. The denial of a motion for summary judgment, regardless of the inclusion of Civ.R. 54(B) language, does not constitute a final appealable order under R.C. 2505.02 and therefore, is not subject to immediate appeal.Schlegel v. Gindlesberger, 5th Dist. No. 05 CA 10,2006-Ohio-6916, at ¶ 20 citing Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90, 554 N.E.2d 1292.
 {¶ 51} Accordingly, appellant's Fourth Assignment of Error is overruled.
 V. {¶ 52} In its Fifth Assignment of Error, appellant maintains the trial court erred by failing to grant the appellant's motion for leave to amend its second amended complaint to conform to the evidence. We disagree.
 {¶ 53} Appellant moved to amend its complaint for a third time pursuant to Civ.R. 15(B). We find Civ.R. 15(B), which permits "amendment of the pleadings as may be necessary to cause them to conform to the evidence," only applies to cases that have gone to trial. Carriker v.Am. Postal Workers Union (Sept. 30, 1993), 2nd Dist. No. 13900. The staff notes of Civ.R. 15(B) state, "[r]ule 15(B) moves toward the problem of amendment of the pleadings during trial in order to accommodate the pleadings to the *Page 14 
proof." As appellant made its motion to amend before the matter had reached the trial stage, we will analyze appellant's assignment of error pursuant to Civ.R. 15(A).
 {¶ 54} A trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. Darulis v. Ayers (Feb. 2, 1999), 5th
Dist. No. 1996CA00398 citing Cselpes v. Cleveland Catholic-Diocese
(1996), 109 Ohio App.3d 533, 541, 672 N.E.2d 724. To demonstrate abuse of discretion in denying a motion for leave to amend complaint, appellant must demonstrate more than error of law and that the trial court's denial of the motion was unreasonable, arbitrary or unconscionable. Id.
 {¶ 55} Appellant concedes that the proposed changes to its second amended complaint are not essential to its case, but only wants to clarify to the trial court its allegations regarding the timing of the timber being cut to conform to the deposition testimony of appellee Arthur Handel. Mr. Handel's deposition was taken before appellant's filed its first and second amended complaint and months before summary judgment motions had been filed. Appellant therefore had ample opportunities to amend its pleadings to accurately frame its allegations but delayed in doing so.
 {¶ 56} Based on the record and the procedural history of this action, we find the trial court did not abuse its discretion in denying appellant's motion to amend its second complaint. *Page 15 
 {¶ 57} Appellant's Fifth Assignment of Error is overruled.
 {¶ 58} The judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY *Page 16 
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1