[Cite as *Fussnecker v. Lamb*, 2017-Ohio-8635.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

|  |  |  |
|---|---|---|
| TOM FUSSNECKER, | : | CASE NO. CA2017-04-003 |
| Plaintiff-Appellant, | : | |
| | : | O P I N I O N<br>11/20/2017 |
| - vs - | : | |
| | : | |
| DONALD LAMB, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. CVF1600078

Michael P. Kelly, 108 South High Street, P.O. Box 467, Mt. Orab, Ohio 45154, for plaintiff-appellant

Patrick L. Gregory, 717 West Plane Street, P.O. Box 378, Bethel, Ohio 45106, for defendant-appellee

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Tom Fussnecker, appeals a decision of the Brown County Municipal Court granting a judgment in favor of defendant-appellee, Donald Lamb.

{¶ 2} For over 20 years and until 2013, Fussnecker rented and farmed a 104.67-acre parcel of land owned by Lamb on U.S. Route 68 in Georgetown, Ohio (the "Rte. 68 Farm"). A portion of the Rte. 68 Farm is woods and not farmable. In the fall of 2012, the parties

agreed that Fussnecker would pay to have a portion of the Rte. 68 Farm bulldozed to add farmable acreage to the property. Fussnecker arranged for Earl Barnes to bulldoze the land. On November 7, 2012, Fussnecker paid Barnes $2,000 for the bulldozing work.

{¶ 3} The parties contemplated that Fussnecker would continue to rent the Rte. 68 Farm from Lamb in 2013. As they had always done, the parties entered into a verbal lease agreement. Fussnecker would pay Lamb $125 per acre in rent to farm 60 to 70 acres. There was no specific term as to when the rent was due. On February 4, 2013, Fussnecker wrote Lamb a check for $3,700 to help Lamb pay the real estate taxes for the Rte. 68 Farm.

{¶ 4} Approximately a month later, Lamb approached Fussnecker about purchasing the Rte. 68 Farm. Pursuant to a written Contract to Purchase Real Estate signed and dated March 13, 2013, Fussnecker bought the Rte. 68 Farm for $500,000. The contract provided that the sale included fixtures, and that Fussnecker was to be given possession of the Rte. 68 Farm "on or before June 14, 2013." The contract further provided that "any rents due and payable prior to date of closing, to be retained by seller. Any rents due and payable after closing, to be retained by purchaser." The sale closed and Lamb conveyed the Rte. 68 Farm to Fussnecker by deed.

{¶ 5} Lamb subsequently purchased another farm in Russellville, Ohio (the "Russellville Farm"). Following Lamb's acquisition of the Russellville Farm, the parties agreed that Fussnecker would rent and farm 34 acres of the Russellville Farm for 2013 at $125 per acre for a total rent of $4,250.

{¶ 6} Problems arose between the parties when Lamb did not vacate the Rte. 68 Farm by June 14, 2013, as provided in the purchase contract, but remained until July 15, 2013. In addition, when Fussnecker took possession of the property, he discovered that Lamb had removed a car lift from the garage that should have stayed on the property as a fixture.

- 2 -

{¶ 7}   Consequently, Fussnecker filed a complaint against Lamb, seeking (1) $2,500 for the value of the car lift improperly removed from the Rte. 68 Farm, (2) $900 as rent for the 30 additional days that Lamb stayed on the Rte. 68 Farm, (3) $2,000 for the bulldozing work on the Rte. 68 Farm, and (4) $3,700 for the check Fussnecker gave to Lamb in February 2013 to pay the real estate taxes on the Rte. 68 Farm.  Regarding the last two items, Fussnecker claimed he was entitled to a $5,700 credit against his rent of the Russellville Farm.  Alternatively, Fussnecker claimed the $3,700 was "an excess payment to be taken off of the $500,000.00 purchase price" for the Rte. 68 Farm.  Lamb filed an answer and counterclaim against Fussnecker, asserting Fussnecker had not paid the $4,250 rent for farming 34 acres of the Russellville Farm in 2013.

{¶ 8}   The matter proceeded to a hearing before a magistrate.  Fussnecker and Lamb both testified.  The parties' testimony differed as to when the rent for the Rte. 68 Farm was typically due and paid.  Fussnecker testified he had historically always paid the rent around February because Lamb needed the money to pay the real estate taxes for the property.  By contrast, Lamb testified Fussnecker generally paid the rent in the fall after the crops were harvested.

{¶ 9}   Regarding the $2,000 Fussnecker paid for the bulldozing work on the Rte. 68 Farm and the $3,700 he paid Lamb in February 2013, Fussnecker testified the parties orally agreed both amounts would be subtracted from either Fussnecker's 2013 rent for the Rte. 68 Farm or his 2013 rent for the Russellville Farm.  Fussnecker conceded that when the parties agreed both payments would be subtracted from his 2013 rent for the Russellville Farm, Lamb had not yet purchased the property but had been talking about it.  Fussnecker further explained that after he purchased the Rte. 68 Farm, the $2,000 and $3,700 payments necessarily had to be subtracted from his 2013 rent for the Russellville Farm because he no longer owed rent to Lamb for the Rte. 68 Farm.

{¶ 10} Lamb testified that the $3,700 payment had nothing to do with the Russellville Farm and that it was "for cash rent" for the Rte. 68 Farm before he sold that property to Fussnecker. Lamb further testified that the $2,000 and $3,700 payments were never mentioned or discussed at the closing for the sale of the Rte. 68 Farm, and Lamb was not asked to pay back $5,700 to Fussnecker.

{¶ 11} On September 13, 2016, the magistrate found in favor of Fussnecker regarding the car lift and the 30 additional days Lamb stayed on the Rte. 68 Farm and awarded Fussnecker $2,467.12 and $900 for those items respectively. The magistrate found in favor of Lamb regarding Fussnecker's 2013 rent for the Russellville Farm and awarded Lamb $4,250. Regarding Fussnecker's claims for the $2,000 and $3,700 payments related to the Rte. 68 Farm, the magistrate found in favor of Lamb. The magistrate found that (1) the purchase contract for the Rte. 68 Farm was ambiguous, (2) the amounts could not be credited against Fussnecker's rent for the Russellville Farm because Lamb did not own the Russellville Farm at the time those amounts were paid, and (3) as a result of the parties' failure to address those amounts at the closing of Lamb's sale of the Rte. 68 Farm to Fussnecker, Fussnecker's claims for those amounts merged into the deed. Based upon all of the foregoing, the magistrate granted a $882.88 net judgment in favor of Lamb. Fussnecker filed objections to the magistrate's decision. On March 21, 2017, the municipal court overruled the objections and adopted the magistrate's decision.

{¶ 12} Fussnecker now appeals, raising the following assignment of error:

{¶ 13} THE TRIAL COURT ERRED WHEN IT DID NOT GIVE PLAINTIFF-APPELLANT CREDIT FOR MONIES PLAINTIFF-APPELLANT EXPENDED ON PROPERTY PRIOR TO PURCHASING SAID PROPERTY AS WELL AS ON SEPARATE PROPERTY HE WAS RENTING FROM DEFENDANT-APPELLEE.

{¶ 14} Fussnecker argues the municipal court erred in finding that his claims for the

- 4 -

$2,000 and $3,700 payments he made related to the Rte. 68 Farm were barred pursuant to the doctrine of merger by deed. Fussnecker asserts that the doctrine is inapplicable and that both payments were separate transactions that had nothing to do with his purchase of the Rte. 68 Farm.

{¶ 15} The doctrine of "merger by deed" holds that when a deed is delivered and accepted without qualification pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement thereafter exists. *Richter v. Moreland*, 12th Dist. Warren No. CA2005-03-031, 2006-Ohio-2946, ¶ 12, citing *Fuller v. Drenberg*, 3 Ohio St.2d 109, 111 (1965). The doctrine merges prior agreements and representations made by parties into the deed. *Schmiedebusch v. Rako Realty, Inc.*, 5th Dist. Delaware No. 04CAE08062, 2005-Ohio-4884, ¶ 44. Hence, the purchaser is limited to the express covenants of the deed only. *Suermondt v. Lowe*, 165 Ohio App.3d 427, 2006-Ohio-224, ¶ 19 (5th Dist.). A deed is not unqualifiedly accepted if it is accepted under protest and with a reservation of rights. *Id.*

{¶ 16} We find no error in the municipal court's determination that Fussnecker's claims for the $2,000 bulldozing work on the Rte. 68 Farm and the $3,700 he paid in February 2013 to help Lamb pay the real estate taxes for the Rte. 68 Farm could not be credited against Fussnecker's 2013 rent for the Russellville Farm because Lamb did not own that property at the time those amounts were paid.

{¶ 17} We further find no error in the municipal court's determination that both claims were barred by the doctrine of merger by deed. Both payments clearly related to the Rte. 68 Farm. At the time both payments were made, Fussnecker intended to rent the property from Lamb for 2013. As Fussnecker testified, the parties had agreed both payments would be applied against Fussnecker's 2013 rent for the property. When Lamb approached Fussnecker about buying the Rte. 68 Farm, and later at closing, there was no discussion

about adjusting the purchase price to reflect the payments made by Fussnecker. Nor was there any discussion or agreement that both payments would remain separate from the contract. *See Suermondt*, 2006-Ohio-224 (under the doctrine, if it can be shown that the parties actually intended that the provisions of a prior agreement continue in force, then the provisions do so continue). Instead, Fussnecker proceeded with the closing and accepted the deed to the Rte. 68 Farm without any qualification. Once the deed was unqualifiedly accepted, Fussnecker became bound by the terms of the deed, prior agreements and representation made by the parties were merged into the deed, and no cause of action existed on the prior contract against Lamb. *Richter*, 2006-Ohio-2946 at ¶ 12; *Schmiedebusch*, 2005-Ohio-4884 at ¶ 44.

{¶ **18**} Fussnecker's assignment of error is overruled.

{¶ **19**} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.