OPINION
{¶ 1} On September 14, 2002, personal items were stolen from the residence of appellee, Randall Heflin. Mr. Heflin was insured via a homeowner's policy issued by appellee, Grange Mutual Casualty Company. As a result of the theft, Grange paid Mr. Heflin $4,743.87. Mr. Heflin was responsible for his $250.00 deductible.
 {¶ 2} Appellant, Jeffrey Ossman, was convicted of receiving stolen property in violation of R.C. 2913.51. The stolen property in question included items from Mr. Heflin's residence.
 {¶ 3} On September 15, 2003, appellees filed a complaint against appellant for reimbursement. Appellees filed a motion for summary judgment on June 1, 2004 and a supplemental motion on June 7, 2004. By journal entry filed July 14, 2004, the trial court found no genuine issues of material fact to exist and ruled appellees were "entitled to judgment as a matter of law."
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court failed to qualify what was and was not missing from the insured's unoccupied property."
 II {¶ 6} "The court granted a loss claim where the value of the missing items are based on the opinion of a person with a vested interest of the amount of recovery."
 III {¶ 7} "The court erred in entering a judgement (sic) to the plaintiff that allows the plaintiff to collect for sales tax, contrary to ohio law."
 {¶ 8} Appellant claims the trial court erred in granting summary judgment to appellees. The journal entry appealed from is the July 14, 2004 journal entry wherein the trial court held the following:
 {¶ 9} "This matter came before the court upon Plaintiff's Motion for Summary Judgment filed June 1, 2004 and Supplemental to Motion for Summary Judgment filed June 7, 2004. The Court finds there are no genuine issues of material fact and therefore, Plaintiffs are entitled to judgment as a matter of law."
 {¶ 10} We note the journal entry is silent as to the amount of damages awarded. In fact, no where in the record did the trial court enter a specific amount of damages for appellees. As such, we find this case does not contain a final appealable order pursuant to R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter. See, Section III(B)(2), Article IV of the Ohio Constitution.
 {¶ 11} Although the summary judgment motion listed the respective amounts due each appellee, appellant specifically challenged the amounts in his objection to summary judgment filed June 10, 2004. From the July 14, 2004 journal entry, we are unable to determine what amounts the trial court determined are due to each appellee, and appellees would be unable to levy any damages against appellant.
 {¶ 12} Based upon the foregoing, this appeal is dismissed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, this appeal is dismissed.