OPINION
{¶ 1} Defendant-appellant Jeffrey W. Ossman appeals from a Judgment of the Fairfield County Municipal Court which granted summary judgment and awarded damages to plaintiffs-appellees Randall Heflin and Grange Mutual Casualty Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 14, 2002, personal items were stolen from the residence of appellee, Randall Heflin. Mr. Heflin was insured via a homeowner's policy issued by appellee, Grange Mutual Casualty Company. As a result of the theft, Grange paid Mr. Heflin $4,743.87. Mr. Heflin was responsible for his $250.00 deductible.
 {¶ 3} Appellant, Jeffrey Ossman, was convicted of receiving stolen property in violation of R.C. 2913.51. The stolen property in question included items from Mr. Heflin's residence.
 {¶ 4} On September 15, 2003, appellees filed a complaint against appellant for reimbursement. On February 11, 2004, appellant filed a "Response [sic] to Complaint for Damages." Subsequently, on February 18, 2004, appellant filed an "Answer to the Complaint for Damages."
 {¶ 5} Appellees filed a motion for summary judgment on June 1, 2004, and a supplemental motion on June 7, 2004. By Journal Entry filed July 14, 2004, the trial court found that no genuine issues of material fact existed and ruled that appellees were entitled to judgment as a matter of law.
 {¶ 6} Appellant appealed. Upon review, this court dismissed appellant's appeal. This Court concluded that the Judgment Entry from which appellant appealed was not final and appealable because it did not include an award of specified damages.
 {¶ 7} Upon remand, the trial court issued a Judgment Entry in which it awarded $250.00 to appellee Heflin and $4,384.36 to appellee Grange. The amount awarded to Grange represented the claimed damages of $4,743.87, less $359.51 in claimed sales tax.
 {¶ 8} Appellant appealed and this matter is now before this court for consideration. The assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH PRECLUDE SUMMARY JUDGMENT.
 I {¶ 10} This appeal reaches this court upon the grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. "[B]are allegations by the moving party are simply not enough." Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Id. (citing Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264).
 {¶ 12} Further, trial courts should award summary judgment with caution. "Doubts must be resolved in favor of the non-moving party." Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 359,1992-Ohio-95, 604 N.E.2d 138.
 {¶ 13} It is pursuant to this standard that we review appellant's assignment of error.
 {¶ 14} In arguing his assignment of error, appellant contends that the trial court's grant of summary judgment was in error because there is a genuine issue of material fact as to whether appellant admitted to conversion and as to damages. We agree.
 {¶ 15} In their motion for summary judgment, appellees argued that appellant admitted in his Answer to the Complaint to having committed conversion or theft of property belonging to Mr. Heflin and that some of Mr. Heflin's property was found in appellant's possession. Although the Complaint was not specific as to what properly was converted, the motion for summary judgment made it clear that appellees alleged that appellant had converted more property than just the property found in appellant's possession at the time of appellant's arrest. The damages claimed were for property allegedly converted by appellant but not returned to Mr. Heflin. Appellant denies that he admitted to having committed conversion or theft and points this court to his "Answers and Responce [sic] to Complaint for Damages" in support of his assertion. This court will review the Complaint as well as appellant's Answer to determine if summary judgment was appropriate.[1]
 {¶ 16} In the Complaint, appellees asserted the following, in relevant part:
 {¶ 17} "2. On or about 9/14/02, in Baltimore, Fairfield County, Ohio, the Defendant wrongfully converted and/or committed a `theft offense' (as defined by Ohio Revised Code Section2913.01(K)) in relation to personal property owned by the Insured [Heflin] valued at $4,993.87 in specific violation of Ohio Revised Code Section 2913.02.
 {¶ 18} "3. As a direct and proximate result of the Defendant's aforementioned conduct, the "Insured" incurred damages in the amount of $4,993.87.
 {¶ 19} "4. Pursuant to the above mentioned policy of insurance, the corporate Plaintiff, GRANGE MUTUAL CASUALTY COMPANY, was required to and did pay to and/or on behalf of its `Insured' the sum of $4,743.87 and is thereby subrogated in that amount." Appellees' Complaint.
 {¶ 20} Thus, appellant's Complaint alleged conversion. Conversion has been defined as "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 96, 551 N.E.2d 172. Thus, the elements required for conversion are: (1) a defendant's exercise of dominion or control; (2) over a plaintiff's property; and (3) in a manner inconsistent with the plaintiff's rights of ownership. CozmykEnt., Inc. v. Hoy (June 30, 1997), Franklin App. No. 96APE10-1380.
 {¶ 21} In reviewing appellees' Complaint, we note that the Complaint does not identify the property allegedly converted nor state the underlying basis of the alleged damages. In other words, the Complaint does not identify whether the claim is based upon the conversion of property that was ultimately returned to Mr. Heflin or property that was converted and not returned to Mr. Heflin.
 {¶ 22} In his Answer, appellant responded as follows:
 {¶ 23} "2. The defendant affirms paragraph 2, in definition only.
 {¶ 24} "3. The defendant denies the insured incurred any damages in any amount, in any relation to the defendant.
 {¶ 25} "4. The defendant is not liable to GRANGE MUTUAL CASUAL [SIC] CO. for paying a loss claim on items in the insured's possession.
 . . . {¶ 26} "[T]he defendant was arrested on 9/28/02. The authorities took into possession, from the defendant, items reported stolen from one RANDALL HEFLIN. Mr. Heflin was notified that his items had been recovered.
 {¶ 27} "Charges against the defendant were dismissed. In March of 2003, the defendant was reindited [sic]. A trial was held on 5/19/03, at which time the defendant plead, `NO CONTEST' to RECEIVING STOLEN PROPERTY, a violation of R.C. [Sec.]2913.51(A)(5).
 {¶ 28} "3. At the trial no restitution was ordered, as all the items that were reported stolen were in total, returned to their perspective [sic] owners. Thereby allaying the claim that Mr. Heflin incurred any damages.
 {¶ 29} "4. In paragraph four, GRANGE MUTUAL CASUALTY COMPANY claims to have paid, RANDALL HEFLIN, for items the trial court claims to have returned. The defendant can not be held accountable to GRANGE MUTUAL for paying a claim to their insured party, for items in their insured parties [sic] possession." Appellant's Answer to Complaint.
 {¶ 30} Thus, in his Answer, appellant admitted that he had property that had been reported as stolen from Mr. Heflin. Appellant also admitted that the police took this property from appellant and notified Mr. Heflin that his items had been recovered. Thus, appellant admitted that he received or retained property which had been stolen from Mr. Heflin. Therefore, appellant exercised dominion or control over some of Heflin's property in a manner inconsistent with Heflin's rights of ownership. However, appellant indicated that all of Mr. Heflin's property was returned to Mr. Heflin.
 {¶ 31} Upon review and consideration of the motion for summary judgment in conjunction with the pleadings, we find that there is a genuine issue of material fact as to whether appellant converted the property upon which Mr. Heflin bases his claim of conversion. Certainly, appellant admitted that he convertedsome property belonging to Mr. Heflin. However, in the Answer, appellant indicated that the property he converted was returned
to Mr. Heflin. In the motion for summary judgment, it becomes clear that appellees' claim is for property not returned to Mr. Heflin. Accordingly, we find that appellant did not admit, and in fact denied, converting the property which forms the basis of the Complaint. For the foregoing reasons, we conclude that a genuine issue of material fact remains as to both liability and damages.
 {¶ 32} Accordingly, we find that the trial court erred when it granted summary judgment in favor of appellees and against appellant. Appellant's sole assignment of error is sustained.
 II {¶ 33} One matter remains to be addressed. Mr. Heflin and Grange filed a brief as plaintiffs-appellants. In that brief, Mr. Heflin and Grange raise an assignment of error concerning the trial court's decision to appoint appellate counsel to represent Mr. Ossman in this civil case. However, Mr. Heflin and Grange did not file a notice of appeal or notice of cross appeal.[2]
 {¶ 34} Appellate Rule 3 requires that a party that seeks to appeal a judgment of a court must file a notice of appeal or, if applicable, a notice of cross appeal if the person "intends to defend a judgment or order against an appeal taken by an appellant and . . . also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order." App. R. 3(A) and 3(C)(1). A notice of cross appeal is not required only if the person "intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but . . . does not seek to change the judgment or order." App. R. 3(C)(2). Failure to file a notice of appeal or a cross appeal when required, leaves the court without jurisdiction. See Haga v. Albex Aluminum, Inc., Stark App. No. 2003CA00312, 2005-Ohio-1059; Slack v. Slack (Nov. 8, 1995), Ross App. No. 94CA2050, 1995 WL 670041.
 {¶ 35} In this assignment of error, Mr. Heflin and Grange do not seek to defend the judgment on a ground other than that relied on by the trial court. Therefore, they were required to file a notice of appeal or notice of cross appeal to present this issue to this court. Accordingly, this Court may not address this issue.
 {¶ 36} The judgment of the Fairfield County Municipal Court is reversed. This matter is remanded for further proceedings.
Edwards, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is reversed. This matter is remanded for further proceedings. Costs assessed to appellees.
[1] Appellant contends that his "Response to Complaint for Damages" was an amendment to his Answer and asserts that in the Response, he does not admit that he had appellee's property in his possession. Appellees, however, contend that this court may not consider appellant's Response. Appellees argue that it is not an Answer to the Complaint and does not amend the Answer. They assert that it is not a document contemplated by Civ. R. 56 and, therefore, cannot be considered. We note that the Response was filed before appellant's Answer was filed and that a letter to appellees' counsel, filed with the Answer, indicated that the Answer was to replace the prior Response, which appellant noted was in the wrong format and was not signed. Therefore, it is difficult to see how the Answer was modified by the Response. However, we find that even if appellant's Response is not considered, it does not change this court's conclusion.
[2] Mr. Heflin and Grange assert that they filed a notice of appeal on April 20, 2005. This is not reflected on the court's docket.