OPINION
{¶ 1} Plaintiffs-appellant Randall Heflin and Grange Mutual Casualty Company appeal from the March 22, 2005, Journal Entry of the Fairfield County Municipal Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 14, 2002, personal items were stolen from the residence of appellant Randall Heflin, who was insured via a homeowner's policy issued by appellant Grange Mutual Casualty Company. As a result of the theft, appellant Grange paid appellant Heflin $4,743.87. Appellant Heflin was responsible for his $250.00 deductible.
 {¶ 3} Appellee Jeffrey Ossman was convicted of receiving stolen property in violation of R.C. 2913.51. The stolen property in question included items from appellant Heflin's residence.
 {¶ 4} On September 15, 2003, appellants filed a complaint against appellee for reimbursement. Subsequently, appellants filed a Motion for Summary Judgment. Pursuant to a Journal Entry filed July 14, 2004, the trial court found that no genuine issues of material fact existed and held that appellants were entitled to judgment as a matter of law.
 {¶ 5} Appellee then appealed. Pursuant to an Opinion filed on December 20, 2004, in Heflin v. Ossman, Fairfield App. No. 04CA50, 2004-Ohio-7096, this Court dismissed appellee's appeal, finding that the Judgment Entry from which appellee had appealed was not a final and appealable order because it did not include an award of specified damages.
 {¶ 6} Upon remand, the trial court, as memorialized in a Nunc Pro Tunc Judgment Entry filed on January 19, 2005, awarded $250.00 to appellant Heflin and $4,384.36 to appellant Grange. The amount awarded to Grange represented the claimed damages of $4,743.87, less $359.51 in claimed sales tax.
 {¶ 7} On February 9, 2005, appellee filed a Motion for Stay of Proceedings to Enforce Judgment. As memorialized in a Journal Entry filed on February 11, 2005, the trial court granted the same.
 {¶ 8} Thereafter, on February 11, 2005, appellee Ossman filed a Notice of Appeal of the trial court's January 19, 2005, Judgment Entry. Appellee's appeal was assigned Case No. 05CA17. Via a Journal Entry filed on February 17, 2005, the trial court appointed counsel to represent appellee in his appeal in such case, finding that he met the criteria for receiving court-appointed counsel based on his affidavit of indigency.
 {¶ 9} On March 11, 2005, appellants filed a Motion for Reconsideration in the trial court, asking that the trial court reconsider its appointment of counsel to represent appellee in his civil appeal. Appellants specifically argued that "[t]his is a simple civil action and there is no basis in law for this defendant to be represented by an attorney paid for out of public funds, . . ." The trial court, as memorialized in a Journal Entry filed on March 22, 2005, overruled appellants' motion. Appellants filed a Notice of Appeal on April 20, 2005, challenging the appointment of counsel for appellee. Such appeal was assigned Case No. 05CA40.
 {¶ 10} Pursuant to an Opinion filed on December 16, 2005, inHeflin v. Ossman, Fairfield App. No. 05CA17, 2005-Ohio-6876, this Court held that the trial court had erred in granting summary judgment in favor of appellants and against appellee. For such reason, this Court reversed the judgment of the trial court and remanded the matter for further proceedings.
 {¶ 11} Appellants now appeal from the trial court's March 22, 2005, Journal Entry, raising the following assignment of error:
 {¶ 12} "THE TRIAL COURT ERRED IN APPOINTING COUNSEL TO REPRESENT DEFENDANT TO HIS CIVIL APPEAL."
 I {¶ 13} Appellants, in their sole assignment of error, argue that the trial court erred in appointing counsel to represent appellee in an appeal of a judgment in a civil case. We agree with appellants that, in a civil case between individual litigants, there is no constitutional right to representation.Roth v. Roth (1989), 65 Ohio App.3d 768, 585 N.E.2d 482.
 {¶ 14} However, as is stated above, appellee's civil appeal in Case No. 05CA17 has been decided by this Court pursuant to an Opinion filed on December 16, 2005. For such reason, the issue of whether the trial court erred in appointing counsel to represent appellee in such case is moot.
 {¶ 15} Appellants' sole assignment of error is, therefore, dismissed as moot.
 {¶ 16} Accordingly, the appeal is dismissed.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Fairfield County Municipal Court is dismissed. Costs assessed to appellants.