[Cite as *Crowe v. First Energy Corp.*, 2011-Ohio-5092.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NORMAN R. CROWE, JR. | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10CA023 |
| FIRSTENERGY CORP., ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Holmes County Court of
Common Pleas, Case No. 09 CV 144

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     September 29, 2011

APPEARANCES:

For Appellant-Norman R. Crowe, Jr.:     For Appellee-FirstEnergy Corp.:

CHARLES A. KENNEDY     PAUL W. LOMBARDI
558 N. Market St.     222 S. Main St., Suite 400
Wooster, OH 44691     Akron, OH 44308

For Appellee-Mary Lou Crowe:

ROBERT P. DESANTO
432 Center St.
Ashland, OH 44805

*Delaney, J.*

{¶1}   Plaintiff-Appellant, Norman R. Crowe, Jr. appeals the November 16, 2010 decision of the Holmes County Court of Common Pleas that granted summary judgment to  Defendants-Appellees FirstEnergy Corp. and Mary Lou Crowe on plaintiff's claim for conversion of FirstEnergy Corp. stocks.

**STATEMENT OF THE FACTS AND CASE**

{¶2}   Appellant, Norman R. Crowe, Jr. and Appellee, Mary Lou Crowe were divorced on July 28, 2008.  Per the terms of the parties' Separation Agreement, Mr. Crowe agreed to transfer 50% of his shares of common stock in FirstEnergy Corp. to Ms. Crowe.  At the time of the divorce, Mr. Crowe owned 844.137 shares of common stock in FirstEnergy Corp.

{¶3}   FirstEnergy's Shareholder Services Department received from Mr. Crowe a stock power dated August 28, 2008, requesting FirstEnergy to transfer one-half of Mr. Crowe's FirstEnergy shares of common stock to Ms. Crowe.  Given that a dividend reinvestment was due to be made on or about September 1, 2008, FirstEnergy waited to transfer the shares of the stock until September 13, 2008, after the reinvested shares were purchased and posted to all accounts.  On September 13, 2008, FirstEnergy mistakenly permitted the transfer of all of Mr. Crowe's shares of stock to Ms. Crowe (850.558 shares at that time).  At the time of transfer, the transfer price of the stock was $69.42 per share.

{¶4}   Ms. Crowe was unaware that FirstEnergy had mistakenly transferred 100% of Mr. Crowe's shares of FirstEnergy stock to her.  On September 26, 2008, Ms. Crowe's broker took all 850 whole shares into a brokerage account through a direct

registration system option and left the 0.558 share at FirstEnergy in a reinvestment account.    The 0.558 fractional share had grown to 0.587 fractional share as of September 1, 2009.   In March 2009, Ms. Crowe sold the whole shares of FirstEnergy stock.

{¶5}    On April 29, 2009, Mr. Crowe became aware that FirstEnergy had transferred 100% of his FirstEnergy stock to Ms. Crowe.   Mr. Crowe notified Ms. Crowe's attorney of the error and demanded that Ms. Crowe transfer ownership of 50% of the shares back to Mr. Crowe.

{¶6}    Mr. Crowe contacted FirstEnergy on May 1, 2009 and informed it that it had mistakenly transferred all of his FirstEnergy shares of stock to Ms. Crowe.   On May 1, 2009, FirstEnergy's stock closed at $42.38 per share.

{¶7}    Mr. Crowe submitted a letter to Ms. Crowe on May 1, 2009 demanding Ms. Crowe pay him $30,749.80 immediately or he would sue her for wrongful conversion.   Thereafter, FirstEnergy and Ms. Crowe worked together to transfer the shares of stock back to Mr. Crowe and on August 7, 2009, Ms. Crowe's broker delivered to FirstEnergy's transfer agent 425 shares of FirstEnergy stock, which were placed in a new account for Mr. Crowe.   FirstEnergy's stock closed on August 7, 2009 at $42.87 per share.

{¶8}    Because of the mistaken transfer, FirstEnergy told Mr. Crowe that it would reimburse him for quarterly dividends issued by FirstEnergy to shareholders during the period that the shares of stock were not in his account.   Mr. Crowe declined FirstEnergy's offer and did not accept a September 1, 2009 dividend check from FirstEnergy.

{¶9}   On August 20, 2009, Mr. Crowe filed his complaint against FirstEnergy and Ms. Crowe in the Holmes County Court of Common Pleas.  FirstEnergy filed a motion for summary judgment on November 30, 2009.  Mr. Crowe filed an opposing motion for summary judgment and a response to FirstEnergy's motion for summary judgment on December 16, 2009.  Ms. Crowe filed a motion for summary judgment on December 22, 2009.  On January 19, 2010, the trial court denied the motions of summary judgment by FirstEnergy and Mr. Crowe.  In a separate judgment entry issued January 19, 2010, the trial court granted Ms. Crowe's motion for summary judgment.

{¶10}  On July 9, 2010, Mr. Crowe filed a motion to reconsider the trial court's January 19, 2010 judgment entry granting Ms. Crowe's motion for summary judgment.  During the pendency of the case, the matter was assigned to a visiting judge.

{¶11}  The trial court held an oral hearing on the motion for reconsideration on November 2, 2010.  There is no transcript of the hearing in the record.  On November 16, 2010, the trial court ruled on Mr. Crowe's motion for reconsideration.  The trial court determined that based on Mr. Crowe's motion for reconsideration, the trial court sua sponte reviewed both decisions issued on January 19, 2010.  The trial court denied Mr. Crowe's motion for reconsideration as to Ms. Crowe's motion for summary judgment.  However, the trial court reconsidered the denial of FirstEnergy's motion for summary judgment and found that pursuant to Civ.R. 56, the motion for summary judgment should be granted and the January 19, 2010 judgment entry should be vacated as such.  The trial court dismissed Mr. Crowe's complaint with prejudice.

{¶12}  It is from this decision Mr. Crowe now appeals.

## ASSIGNMENTS OF ERROR

{¶13}  Appellant raises three Assignments of Error:

{¶14}  "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO FIRST ENERGY.

{¶15}  "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING SUMMARY JUDGMENT TO NORMAN.

{¶16}  "III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO MARY LOU, AND DENYING NORMAN'S MOTION FOR RECONSIDERATION, FOR THE REASON THERE EXISTS QUESTIONS OF MATERIAL FACT TO BE DETERMINED AT TRIAL."

## STANDARD OF REVIEW

{¶17}  We will first address the standard of review applicable to Mr. Crowe's Assignments of Error.  Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶18}  "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

**I., II.**

{¶20} We review Mr. Crowe's first and second Assignments of Error together because they are interrelated. Mr. Crowe argues that the trial court erred in granting FirstEnergy's motion for summary judgment and denying his motion for summary judgment.

{¶21} In Mr. Crowe's complaint, Mr. Crowe alleged against FirstEnergy:

{¶22} "9. On August 4, 2008, [FirstEnergy] negligently and beyond the authorization and consent of the Plaintiff and in violation of his instructions, transferred 100% of the shares of stock owned by Plaintiff * * * to the Defendant * * *.

{¶23} "* * *

{¶24} "12. [FirstEnergy] wrongfully transferred shares of stock of the Plaintiff * * * to the Defendant * * *

{¶25} FirstEnergy responded to Mr. Crowe's complaint through summary judgment based on the theory of negligence. Mr. Crowe stated in his motion for summary judgment and opposition to FirstEnergy's motion for summary judgment that his complaint alleged a claim of conversion against FirstEnergy, not negligence.

Reviewing the motions in a light most favorable to the non-moving party, we will analyze Mr. Crowe's claim against FirstEnergy under the tort of conversion.

{¶26} The tort of conversion is defined as "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Heflin v. Ossman,* Fairfield App .No. 05CA17, 2005-Ohio-6876, ¶ 20, quoting *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172.

{¶27} In order to prove the conversion of property, the owner must demonstrate (1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property and (2) that the possessor refused to deliver the property to its rightful owner. *Taber v. Charlie's Towing Service, Inc.* (1994) 97 Ohio App.3d 423, 427, 646 N.E.2d 1132, citations omitted.

{¶28} "The measure of damages in a conversion action is the value of the converted property at the time it was converted." *Congress Lake Club v. Witte,* Stark App. No. 2007CA00191, 2008-Ohio-6799, ¶ 66. "The general rule as to value as the measure of damages in actions for conversion is not inflexible, but is governed by such special circumstances as are disclosed by the record. (Citation omitted). The general rule is subject to exceptions as well established as the rule itself and founded upon the same equitable principle, namely, the recovery by the plaintiff of such damages as he has actually sustained, and no more. Thus, if the property has been retaken or returned, after taking, in whole or part, such fact is always regarded as an exception to the general rule that full value of the property should be regarded as the amount of

damages to be recovered. (Citation omitted)".  *Pence v. Jordan*, Clark App. No. 1536, 1981 WL 5347.

{¶29}  Upon our de novo review of the parties' motions for summary judgment and related Civ.R. 56 evidence supporting the motions, we find that Mr. Crowe's claim of conversion against FirstEnergy must fail as a matter of law because Mr. Crowe has failed to demonstrate a genuine issue of material fact exists as to two of the elements of the tort of conversion: refusal to return and damages.

{¶30}  As stated above, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.  "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.  Once the moving party meets its initial burden, the nonmovant must then produce competent evidence, as set forth in Civ.R. 56(C) and (E), showing that there is a genuine issue for trial.  Id*.*

{¶31}  Competent evidence to be submitted in support of the nonmoving party's claim is described in Civ.R. 56(C) and (E).  Civ.R. 56(C) states, "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(E) further states, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶32} FirstEnergy submitted affidavit testimony with its motion for summary judgment to support its contention that Mr. Crowe suffered no damages. FirstEnergy transferred 100% of his stocks to Ms. Crowe on September 13, 2008. It was not until May 1, 2009 that Mr. Crowe contacted FirstEnergy to inform them that the erroneous transfer had occurred. When FirstEnergy and Ms. Crowe learned of the error, FirstEnergy and Ms. Crowe attempted to rectify the error by returning 50% of the shares to Mr. Crowe and paying Mr. Crowe the dividends he was owed as if the stocks were in account during that period of time.

{¶33} Mr. Crowe's motion for summary judgment and response to FirstEnergy's motion for summary judgment makes a conclusory statement that Mr. Crowe is entitled to damages in his motion, but does not provide any Civ.R. 56 evidence, affidavit or otherwise, to demonstrate there is a genuine issue of material fact on this element. Under the facts of this case, the Court can infer how Mr. Crowe was damaged, but that is not the Court's burden. It is the burden of Mr. Crowe to provide Civ.R. 56 evidence to set forth specific facts as to his damages to show there is a genuine issue for trial. Mr.

Crowe has not provided affidavit evidence, financial statements, or expert testimony to show a genuine issue of material fact of damages. FirstEnergy has provided Civ.R. 56 evidence to show that the shares have been returned to Mr. Crowe and FirstEnergy has offered to pay Mr. Crowe the missing dividends.

{¶34} We find our conclusion is supported by the trial court's statement granting FirstEnergy's motion for summary judgment and denying Mr. Crowe's motion for summary judgment:

{¶35} "Defendant First Energy Corporation is entitled to judgment as a matter of law and that Norman R. Crowe, Jr. has failed to produce a sufficient quantum of evidence on the issues postured for Summary Judgment, for which Norman R. Crowe Jr., bears the burden of production at Trial. More specifically, the undersigned concludes that Defendant First Energy Corporation did not proximately cause any damages to Norman R. Crowe, Jr. as a result of the mistaken transfer of shares of stock…" (Judgment Entry, November 16, 2010).

{¶36} Accordingly, we overrule Mr. Crowe's first and second Assignments of Error.

### III.

{¶37} Mr. Crowe contends in his third Assignment of Error that the trial court erred when it granted Ms. Crowe's motion for summary judgment and denying his motion for reconsideration of the same. We disagree.

{¶38} Mr. Crowe also alleged the tort of conversion against Ms. Crowe. In this case, FirstEnergy transferred Mr. Crowe's stocks to Ms. Crowe upon Mr. Crowe's direction and FirstEnergy transferred the incorrect amount to Ms. Crowe.

{¶39} As stated above, Mr. Crowe must prove two elements of conversion: (1) that he demanded the return of the property after she exercised dominion or control over the property and (2) that the she refused to deliver the property to him. The Civ.R. 56 evidence shows on April 29, 2009, Mr. Crowe demanded the FirstEnergy shares back from Ms. Crowe. When Ms. Crowe became aware that she possessed Mr. Crowe's shares, she repurchased the FirstEnergy shares and with FirstEnergy's assistance, opened a new account for Mr. Crowe with 425 shares of FirstEnergy stock.

{¶40} Upon our de novo review, we agree with the trial court's conclusion to grant Ms. Crowe's motion for summary judgment and deny Mr. Crowe's motion for reconsideration of the trial court's decision.

{¶41} Mr. Crowe's third Assignment of Error is overruled.

{¶42} The judgment of the Holmes County Court of Common Pleas is affirmed.

By: Delaney, J.

Farmer, P.J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

[Cite as *Crowe v. First Energy Corp.*, 2011-Ohio-5092.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NORMAN R. CROWE, JR. | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| FIRST ENERGY CORP., et al. | : | |
| | : | |
| | : | Case No. 10CA023 |
| Defendants-Appellees | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS